**In re WIREBOUND BOXES ANTITRUST LITIGATION.**

**This document relates to: All Cases.**

**MDL No. 793.**

United States District Court, D. Minnesota, Fourth Division.

July 12, 1989.

Opperman, Heins & Paquin, Vance K. Opperman, Samuel D. Heins, Richard A. Lockridge, and Margaret H. Chutich, Interim lead counsel, Minneapolis, Minn.

Thomas Bartsh, Interim special master, Minneapolis, Minn.

Oppenheimer, Wolff .& Donnelly, Wayne Farris, Interim liaison counsel, St. Paul, Minn.

### ORDER 14

DIANA E. MURPHY, District Judge.

Five of the seven plaintiffs in this litigation [1] have moved to compel defendants to produce all documents in their possession relating to any investigation of the wirebound box industry. The motion is based on requests for documents served on defendants by plaintiffs TCI, Collins, and A.

---

1. At the time plaintiffs' motion was filed, it was made on behalf of all plaintiffs. Two additional cases have since been transferred to this court: *Tom Lazio Fish Co., Inc. v. Great American Wirebound Box Co.*, Civ. 4–89–492, and *Vineland Cooperative Produce Association, Inc. v. Great*

*American Wirebound Box Co.*, Civ. 4–89–493. Management Order 1 explicitly stated that it would apply to any subsequently transferred cases, and all other orders in these cases should apply to them to the extent feasible.

Lakin & Sons. Collins made the following requests:

15. All lists or other identifying description of documents furnished by you to any federal, state or local Grand Jury, or the Federal Trade Commission, or any officers or agents of the United States or of any state or local government, in connection with any legislative, administrative or judicial investigation, hearing or proceeding concerning, referring to or relating to the manufacture, pricing, sale, marketing and/or distribution of wirebound boxes.

16. All documents submitted to or received from the United States Department of Justice and/or any Grand Jury concerning, referring or relating to the manufacture, pricing, sale, marketing and/or distribution of wirebound boxes, including, but not limited to, all documents submitted by or received by anyone else of which you obtained copies.

32. All documents constituting or reflecting any statements or interviews given by you or any other person to any attorney for the United States Department of Justice which refer or relate to wirebound boxes or the Wirebound Box Manufacturers Association, Inc.

TCI and A. Lakin & Sons made similar requests.

Defendants responded to these requests in a variety of ways. A number of defendants objected on the grounds that the requests are overly broad and burdensome, that they called for disclosure of matters occurring before a grand jury in violation of Federal Rule of Criminal Procedure 6(e), and that some of the documents are protected under the attorney-client privilege and work product doctrine. The parties met and attempted to resolve these disputes, but were unsuccessful.

Defendants' primary objection is that they are prohibited by Rule 6(e) from disclosing documents to the plaintiffs in response to these document requests. Rule 6(e)(2) states:

A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimo-

ny, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

The plaintiffs contend that Rule 6(e) does not apply to the defendants or to many of the documents they seek.

The plaintiffs argue that Rule 6(e)(2) exhaustively lists the parties to which it applies and that the defendants are not among the parties which are enumerated. Plaintiffs state that the rule's secrecy requirements do not apply to witnesses who appear before the grand jury. *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 425, 103 S.Ct. 3133, 3138, 77 L.Ed.2d 743 (1983). They also cite three cases which indicated that the rule does not prohibit certain disclosures by defendants. *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 305 (S.D.N.Y.1982); *Connecticut v. General Motors Corp.*, 1974–2 Trade Cas. (CCH) ¶ 75,138, at 97,081 (N.D.Ill. 1974); *Minnesota v. United States Steel Corp.*, 44 F.R.D. 559, 580 n. 28 (D.Minn. 1968).

The defendants respond that Rule 6(e) applies to them and bars their disclosure of the requested documents. They state that some courts have held that Rule 6(e) applies as fully to private party defendants as it does to the parties it specifically lists. *Illinois v. Sarbaugh*, 552 F.2d 768, 773, 777 n. 14 (7th Cir.1977); *Board of Educ. v. Admiral Heating & Ventilation, Inc.*, 513 F.Supp. 600, 604 (N.D.Ill.1981). The defendants note that other courts have applied Rule 6(e) standards to private party defendants without discussing whether they were parties specified in the rule. *E.g., Cumberland Farms, Inc. v. Browning–Ferris Indus.*, Civ. No. 87–3717, slip op. at 2 (E.D.Pa. Apr. 18, 1989), 1989 WL 90884.

■ The defendants are not among the parties enumerated in Rule 6(e)(2) and are required to release documents which were

produced independent of the grand jury. *Id.; National Ry. Utilization Corp. v. Association of Am. R.Rs.*, 1983–2 Trade Cas. (CCH) ¶ 65,671, at 69,435 (E.D.Pa.1983); *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 59 (E.D.Pa.1980); *In re Corrugated Container Antitrust Litig.*, M.D.L. No. 310, slip op. at 5 (S.D.Tex. Apr. 14, 1978); *In re Indep. Gasoline Antitrust Litig.*, M.D.L. No. 267, slip op. at 7–8 (D.Md. Jan. 24, 1977); *In re Folding Carton Antitrust Litig.*, M.D.L. No. 250, slip op. at 14 (N.D. Ill. July 2, 1976). *But see Board of Educ. v. Admiral Heating & Ventilation, Inc.*, 513 F.Supp. 600, 604 (N.D.Ill.1981). Defendants should produce for plaintiffs documents which they submitted to the government in response to an investigation of the wirebound box industry and which they created independently from any such investigation.

■ The defendants are subject to limited non-disclosure requirements. Although Rule 6(e) does not on its face apply to private actors such as the defendants, courts have nonetheless applied it in some circumstances. In addition to enforcing the rule's secrecy requirements on the parties enumerated in the rule such as grand jurors and government agents, courts have extended the rule's protection to documents which the government or the grand jury created or caused to be created. The rationale may not have been explicitly articulated, but it appears that courts have prevented disclosure of those documents which most clearly disclose the grand jury's actions. Absent a showing of particularized need, courts have generally barred private actors from disclosing documents created by a grand jury or at a grand jury's request, such as subpoenas, transcripts, and lists of documents. *Illinois v. Sarbaugh*, 552 F.2d 768, 777 (7th Cir.1977); *Texas v. United States Steel Corp.*, 546 F.2d 626, 630 (5th Cir.), *cert. denied*, 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977); *Cumberland Farms, Inc. v. Browning–Ferris Indus.*, Civ. No. 87–3717, slip op. at 2 (E.D.Pa. Apr. 18, 1989); *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 59 (E.D.Pa.1980). Plaintiffs must meet the particularized need requirements of Rule 6(e) in order to obtain from the defendants documents which were created by or for the grand jury.

■ Among the documents which plaintiffs seek are notes of defendants' attorneys from interviews with grand jury witnesses. These documents appear to be protected by the work product doctrine and attorney-client privilege.

Two defendants, Little Rock Crate & Basket and Georgia–Pacific Corporation, object to plaintiffs' motion because they claim already to have responded that they do not have any of the requested documents. Georgia–Pacific has moved for sanctions under Rule 11 on this basis. These defendants' responses, however, indicate only that they have no such documents which were created since 1984.

Two other defendants, General Box Company and Wisconsin Box Company, assert that they are under a court order from the Northern District of Ohio not to disclose any documents which they produced to the grand jury. An attorney for the United States has indicated, however, that the order was not intended to cover documents which the defendants produced prior to their indictment by the grand jury. These defendants concede that the order does not prevent them from releasing such documents in response to more specific discovery requests even though the order makes no such exception explicitly. It appears that the Ohio order was not intended to prevent the discovery which is sought here. Defendants will not be subject to conflicting court orders in any event because the Ohio order also permits disclosure pursuant to "other court order."

Accordingly, based upon the above and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel production of documents relating to government investigations is granted to the following extent: Defendants shall produce all documents which they created independently from any government investigation and

which they submitted to the United States Department of Justice or any grand jury in the course of an investigation of the wire-bound box industry. In all other respects, the motion is denied.

2. The June 5, 1989 motion of defendant Georgia–Pacific Corporation for Rule 11 sanctions is denied.