Filed 11/19/08          NO. 4-08-0173

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| BETTER GOVERNMENT ASSOCIATION and DAN SPREHE, | ) ) | Appeal from Circuit Court of |
| Plaintiffs-Appellees, | ) | Sangamon County |
| v. | ) | No. 07MR5 |
| ROD R. BLAGOJEVICH, in His Official Capacity as Governor of the State of Illinois, | ) ) ) | Honorable |
| | ) | Patrick W. Kelley, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE STEIGMANN delivered the opinion of the court:

This case presents the question of whether the recipient of a federal grand jury subpoena, acting as a public official for the State of Illinois, has the discretion to refuse a request to disclose that subpoena, pursuant to the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 through 11 (West 2006)).  We conclude that in this case, the public official does not have such discretion.

In August 2006, defendant, Rod R. Blagojevich, in his official capacity as Governor of the State of Illinois, denied the request of plaintiffs, the Better Government Association and Dan Sprehe (collectively, BGA), to disclose federal grand jury subpoenas and related correspondence, pursuant to the FOIA.  In September 2006, the Governor reaffirmed his earlier denial.

In August 2007, the BGA filed an amended complaint, requesting, in part, that the trial court issue an order compel-

ling the Governor to disclose the subpoenas.

In October 2007, the Governor filed a motion for summary judgment. In November 2007, the BGA filed a motion for judgment on the pleadings. Following a January 2008 hearing on the parties' respective motions, the trial court (1) denied the Governor's summary-judgment motion and (2) granted the BGA's motion for judgment on the pleadings.

The Governor appeals, arguing that (1) disclosure of federal grand jury subpoenas, pursuant to the FOIA, is preempted by federal law; (2) the subpoenas the BGA seeks are exempt from disclosure under various sections of the FOIA; and (3) the trial court's order should be reversed because of newly discovered evidence. We disagree and affirm.

I. BACKGROUND

In July 2006, the BGA requested that the Governor provide copies of documents, pursuant to the FOIA (5 ILCS 140/1 through 11 (West 2006)). Specifically, the BGA sought the following:

"1. Copies of any and all subpoenas for records or testimony, issued to the State of Illinois by the United States Attorney's Office, between January 1, 2006[,] and July 24, 2006.

2. Copies of any and all e-mails, memo-

randa, and other correspondence between the

Office of the Governor and any executive

agency, with regard to said subpoenas and/or

the production of records for compliance

thereof."

In August 2006, the Governor denied the BGA's request, claiming that if such subpoenas existed at all, they were exempt from disclosure, pursuant to section 7(1)(a) of the FOIA (5 ILCS 140/7(1)(a) (West 2006)). The Governor also denied the BGA's request for any correspondences related to the subpoenas as an exemption, pursuant to sections 7(1)(f) and 7(1)(n) of the FOIA (5 ILCS 140/7(1)(f), (1)(n) (West 2006)).

Later in August 2006, the BGA appealed the Governor's denial, pursuant to section 10(a) of the FOIA, which provides, in part, that "[a]ny person denied access to inspect or copy any public record may appeal the denial by sending a written notice of appeal to the head of the public body" (5 ILCS 140/10(a) (West 2006)). In September 2006, the Governor denied the BGA's appeal.

In November 2006, the BGA sent a letter to Gary Shapiro, first assistant United States Attorney for the Northern District of Illinois, inquiring whether the United States Attorney's office would intervene if the BGA filed suit against the Governor seeking disclosure of the federal grand jury subpoenas. Later in November 2006, Shapiro responded, in pertinent part, as

- 3 -

follows:

> "We are reluctant to opine on a hypo-
> thetical lawsuit, and can only tell you that
> we will only take such action as we believe
> is authorized by law and necessary to protect
> the secrecy and integrity of the federal
> grand jury process.  Obviously, such a deci-
> sion cannot be made until a lawsuit is filed
> and we are in a position to analyze its spe-
> cifics and the relevant law."

In January 2007, the BGA (1) filed a complaint request-
ing, in part, that the trial court issue an order compelling the
Governor to release the subpoenas and associated correspondence
and (2) provided Shapiro a copy of the filed complaint.  In
August 2007, the BGA filed an amended complaint, requesting, in
part, that the court issue an order compelling the Governor to
release the subpoenas.  (On appeal, the BGA does not present any
argument concerning the related correspondences.)

In October 2007, the Governor filed a motion for
summary judgment.  In support of the motion, the Governor claimed
that in addition to section 7(1)(a), the subpoenas the BGA sought
were exempt from disclosure under various sections of the FOIA
pertaining to "[r]ecords compiled by any public body for adminis-
trative enforcement proceedings and any law enforcement or

correctional agency for law enforcement purposes or for internal matters of the public body." See 5 ILCS 140/7(1)(c), (1)(c)(i), (1)(c)(vi), (1)(c)(viii) (West 2006). In November 2007, the BGA filed a motion for judgment on the pleadings.

During the January 2008 hearing on the parties' motions, the Governor argued that the BGA's complaint called for the disclosure of matters before the federal grand jury, which was prohibited by Federal Rule of Criminal Procedure 6(e)(2) (Fed. R. Crim. P. 6(e)(2)). Although the Governor conceded that the specific language of Rule 6(e)(2) prohibiting disclosure did not apply to recipients of federal grand jury subpoenas, he contended that the federal courts had extended the rule's exceptions to include the information contained within a subpoena to preserve (1) the secrecy of the federal grand jury process and (2) the integrity of the government's investigation. Essentially, the Governor claimed that (1) because federal courts had generally barred recipients of federal grand jury subpoenas from disclosing the contents of the subpoenas absent a showing of a "particularized need" by the party requesting disclosure and (2) the BGA failed to show any such need, federal law prohibited disclosure of the subpoenas, which, in turn, prohibited disclosure under section 7(1)(a) of the FOIA (5 ILCS 140/7(1)(a) (West 2006)).

During that same January 2008 hearing, the following

colloquy occurred:

"THE COURT: *** I do have one question for you, [counsel].  Say a person receives a [f]ederal [g]rand [j]ury subpoena from the Northern District of Illinois.  Could that person be subject to either the contempt powers of the [c]ourt or criminal prosecution if that person voluntarily discloses that subpoena to somebody else?

[GOVERNOR'S COUNSEL]: No, sir."

In announcing its decision, the trial court stated the following:

"In order to disclose, a particularized need must outweigh the need for continued [g]rand [j]ury secrecy.

***

Here[,] there is no competent evidence of a need for continued secrecy.  The only evidence of need is what appears to be a boilerplate letter saying disclosure could impede an investigation.  It was attached to the subpoena at the time of service.

*** [S]ince that subpoena was served, the United States Attorney's [o]ffice [for] the Northern District of Illinois has been

given every opportunity not only to intervene, but simply to have informed this [c]ourt, either by an affidavit to [the BGA] or a letter giving this [c]ourt any type of information or indication that continued [g]rand [j]ury secrecy was important in this case. ***

Instead, we have information in the motion that shows the U.S. Attorney's [o]ffice was notified of a potential lawsuit as early as the Fall of 2006. ***

[The United States Attorney has] taken no action whatsoever. Because they have stood mute, the only conclusion [this court] can draw is that in their eyes[,] there is no further need for secrecy.

***

Here, because there is no demonstrated need for secrecy, I believe the need for the public to know outweighs that, and the balance clearly favors disclosure. ***

* * *

I think it is telling that the Governor or anybody else can disclose a [f]ederal

- 7 -

[g]rand [j]ury subpoena they have received to whomever they want.  Clearly, if there were a law against it, they would be in some kind of trouble, either contempt or federal charges, but that is not the case.

So I'm going to deny the [Governor's] [m]otion for [s]ummary [j]udgment.  I believe the [Governor] is required under the [FOIA] to disclose the subpoenas, and I will allow [the BGA's] motion for judgment on the plead-ings."

In a letter dated February 5, 2008, the United States Attorney's office for the Northern District of Illinois wrote the following to the Governor:

"In response to your inquiry, the U.S. Attorney's [o]ffice has served various grand jury subpoenas on the Office of the Governor of the State of Illinois, seeking records pursuant to an official criminal investiga-tion of a suspected felony being conducted by a federal grand jury.  With two exceptions, noted below, the U.S. Attorney's [o]ffice continues to request that you not disclose the fact that the subpoenas have been served.

Any such disclosure could impede the investigation and thereby interfere with the enforcement of law. If you do not believe that you can comply with this request, I request that you contact me before making any disclosure.

Having reviewed all of the subpoenas to determine whether to renew our initial non-disclosure request, there are two subpoenas that can be disclosed, if necessary, without impeding the investigation: (1) the May 3, 2006[,] subpoena directed to the Custodian of Records, Central Management Services, Bureau of Personnel; and (2) the June 23, 2006[,] subpoena directed to the Custodian of Records, Office of the Governor of the State of Illinois (concerning backup tapes, archives, etc. for offices under the jurisdiction of the Governor)."

Later in February 2008, the Governor filed a motion to reconsider based on newly discovered evidence--namely, the United States Attorney's February 5, 2008, letter. In March 2008, the trial court denied the Governor's motion.

This appeal followed.

## II. ANALYSIS

### A. The Governor's Claim That the Federal Grand Jury Subpoenas Are Exempt From Disclosure

The Governor contends that because (1) disclosure of federal grand jury subpoenas are preempted by federal law--specifically, Federal Rule of Criminal Procedure 6(e)(2) (Fed. R. Crim. P. 6(e)(2)), and (2) the subpoenas the BGA seeks are exempt from disclosure under various sections of the FOIA, the trial court erred by dismissing his motion for summary judgment and granting the BGA's motion for judgment on the pleadings. We disagree.

#### 1. Standards of Review

##### a. Summary Judgment

"'Summary judgment is proper where the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, reveal that there is no issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" DesPain v. City of Collinsville, 382 Ill. App. 3d 572, 576-77, 888 N.E.2d 163, 166 (2008). "In appeals from summary judgment rulings, review is de novo." Williams v. Manchester, 228 Ill. 2d 404, 417, 888 N.E.2d 1, 9 (2008).

##### b. Judgment on the Pleadings

Judgment on the pleadings is appropriate when the pleadings disclose only questions of law rather than issues of

material fact.  County of Cook v. Philip Morris, Inc., 353 Ill.
App. 3d 55, 59, 817 N.E.2d 1039, 1042 (2004).  "In ruling on a
motion for judgment on the pleadings, the court will consider
only those facts apparent from the face of the pleadings, matters
subject to judicial notice, and judicial admissions in the
record."  Gillen v. State Farm Mutual Automobile Insurance Co.,
215 Ill. 2d 381, 385, 830 N.E.2d 575, 577 (2005).  We review de
novo a trial court's order granting a motion for judgment on the
pleadings.  Intersport, Inc. v. National Collegiate Athletic
Ass'n, 381 Ill. App. 3d 312, 318, 885 N.E.2d 532, 538 (2008).

### 2. The Governor's Claim That Federal Rule of Criminal Procedure 6(e)(2) Preempts the FOIA

#### a. Federal Case Law

The supremacy clause of the United States Constitution
provides that "[t]his Constitution, and the Laws of the United
States *** shall be the supreme Law of the Land; and the Judges
in every State shall be bound thereby, any Thing in the Constitu-
tion or Laws of any State to the Contrary notwithstanding."  U.S.
Const., art. VI, cl. 2.  "'State law is preempted under the
supremacy clause in three circumstances: (1) when the express
language of a federal statute indicates an intent to preempt
state law; (2) when the scope of a federal regulation is so
pervasive that it implies an intent to occupy a field exclu-
sively; and (3) when state law actually conflicts with federal
law.'"  Poindexter v. State of Illinois, 229 Ill. 2d 194, 210,

- 11 -

890 N.E.2d 410, 421 (2008), quoting <u>Village of Mundelein v.</u>
<u>Wisconsin Central R.R.</u>, 227 Ill. 2d 281, 288, 882 N.E.2d 544, 549
(2008).

Federal Rule of Criminal Procedure 6(e)(2), which
pertains to the federal grand jury, provides as follows:

"(2) Secrecy.

(A) No obligation of secrecy
may be imposed on any person except
in accordance with Rule 6(e)(2)(B).

(B) Unless these rules provide
otherwise, the following persons
must not disclose a matter occur-
ring before the grand jury:

(i) a grand juror;

(ii) an interpreter;

(iii) a court reporter;

(iv) an operator of
a recording device;

(v) a person who
transcribes recorded
testimony;

(vi) an attorney for
the government; or

(vii) a person to

whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii)." Fed. R. Crim. P. 6(e)(2).

Despite the Governor's contention that Federal Rule of Criminal Procedure 6(e)(2) prohibits disclosure of federal grand jury subpoenas, he concedes that the explicit language of the rule does not apply to the general public. Thus, if a private citizen were served with a federal grand jury subpoena, federal law would not bar him from revealing the contents of the subpoena or his thoughts about it.

Although most federal grand jury subpoena recipients usually prefer to remain silent about the matter, circumstances may prompt that person to choose to disclose its existence and content. Such circumstances may include the recipient's belief that disclosure of the subpoena's content would (1) be in his best interest to demonstrate his ongoing cooperation with the federal prosecutor (particularly if the recipient held a political position) or (2) represent the opening salvo in the recipient's contention that he is the target of a political witch hunt and the subpoena is evidence of government corruption. Regardless of the recipient's motive, under federal law, a private citizen has the discretion to reveal the subpoena, and if he chooses to do so, he will not suffer the wrath of the federal

court's contempt powers or be subject to any federal charges.

The Governor cites several federal district court cases that have expanded Rule 6(e)(2)'s disclosure prohibitions. See Board of Education of Evanston Township High School District No. 202 v. Admiral Heating & Ventilation, Inc., 513 F. Supp. 600, 604 (N.D. Ill. 1981) ("Grand jury confidentiality would be emasculated if a party seeking discovery of its proceedings could do so by routinely obtaining that information from potential (or as in this case actual) defendants"); In re Wirebound Boxes Antitrust Litigation, 126 F.R.D. 554, 556 (D. Minn. 1989) ("Absent a showing of particularized need, [federal] courts have generally barred private actors from disclosing documents created by a grand jury or at a grand jury's request, such as subpoenas, transcripts, and lists of documents"); In re Caremark International, Inc. Securities Litigation, No. 94 C 4751 (N.D. Ill. 1995) (1995 WL 557496) (where the Northern District of Illinois limited disclosure to documents not related to the investigation because it would violate the secrecy of the federal grand jury). However, we are not required to follow these federal court decisions. Instead, we may choose to do so if we find them persuasive. See Tortoriello v. Gerald Nissan of North Aurora, Inc., 379 Ill. App. 3d 214, 224, 882 N.E.2d 157, 168 (2008), quoting Lamar Whiteco Outdoor Corp. v. City of West Chicago, 355 Ill. App. 3d 352, 360, 823 N.E.2d 610, 617 (2005) ("'[a]lthough

- 14 -

this court is not bound to follow federal district court decisions [citation], such decisions can provide guidance and serve as persuasive authority'").  For the reasons that follow, we do not find them persuasive and, accordingly, will not follow them.

There is nothing new or novel about private citizens or public officials receiving federal grand jury subpoenas.  Federal grand juries have been issuing subpoenas for over 200 years.  Yet, during all this time, Congress has not seen fit to specifically restrict the behavior of subpoena recipients.  Accordingly, we hold that (1) the failure of Congress to do so is not somehow an oversight and, therefore, (2) Congress has chosen not to restrict a recipient's behavior concerning what he may say or do on the matter.  The federal courts that have held otherwise--that is, those courts that have decided that Congress' failure to act was the result of an oversight--have taken it upon themselves to correct this oversight by judicially amending Rule 6(e)(2).  We disagree with this course of action and decline to follow it.

We also reject the Governor's argument that, as a matter of policy, revealing any aspect of the federal grand jury process is not desirable.  This court's role is not policy formulation.  Instead, our role is to apply--and abide by--the legislation that the policy-making bodies, Congress and the Illinois General Assembly, have enacted.

b. The Need for a Specific Prohibition for the
   FOIA's Disclosure Policy Not To Apply

We also reject the Governor's argument because it is inconsistent with the FOIA's language and intent. Section 1 of the FOIA states, in part, that "all persons are entitled to full and complete information regarding the affairs of government." 5 ILCS 140/1 (West 2006). This hortatory language emphasizes and calls for an expansive interpretation. Further, our legislature has authorized exemptions to the FOIA's expansive disclosure policy when a given disclosure is not just prohibited "by federal or State law or rules and regulations adopted under federal or State law" but specifically so prohibited. 5 ILCS 140/7(1)(a) (West 2006). When interpreting a statute, this court cannot disregard explicit statutory language. See Hedrick v. Bathon, 319 Ill. App. 3d 599, 604-05, 747 N.E.2d 917, 922 (2001) ("Statutory interpretation is the process by which the intent of the legislature is ascertained and given effect, primarily by looking to the statute's actual words, which are to be given their commonly accepted meanings unless otherwise defined by our General Assembly"). Therefore, this court is duty-bound to apply the actual words of the statute enacted by our legislature. Thus, an exemption restricting the expansive nature of the FOIA's disclosure provisions must be explicitly stated--that is, such a proposed disclosure must be specifically prohibited.

Because Rule 6(e)(2) does not explicitly prohibit recipients from disclosing the existence or content of federal

- 16 -

grand jury subpoenas, we decline to follow those federal cases that have expanded that rule by judicially amending it.

    3. <u>The</u> <u>Governor's</u> <u>Claim</u> <u>That</u> <u>the</u> <u>Federal</u> <u>Grand</u> <u>Jury</u> <u>Subpoenas</u> <u>Are</u> <u>Exempt</u> <u>From</u> <u>Disclosure</u> <u>Under</u> <u>the</u> <u>FOIA</u>

The Governor also contends that the federal grand jury subpoenas are exempt from disclosure under various sections of the FOIA. Specifically, the Governor asserts that sections 7(1)(a), (1)(b)(v), (1)(c)(i), (1)(c)(vi), and (1)(c)(viii) of the FOIA (5 ILCS 140/7(1)(a), (1)(b)(v), (1)(c)(i), (1)(c)(vi), (1)(c)(viii) (West 2006)) prohibit disclosure. We disagree.

a. Pertinent Sections of the FOIA

i. <u>Legislative</u> <u>Intent</u>

Section 1 of the FOIA states as follows:

"Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act. Such access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely,

making informed political judgments and monitoring government to ensure that it is being conducted in the public interest."  5 ILCS 140/1 (West 2006).

ii. Inspection or Copying of Public Records

Section 3 of the FOIA states, in part, as follows:

"Each public body shall make available to any person for inspection or copying all public records, except as otherwise provided in [s]ection 7 of this Act."  5 ILCS 140/3(a) (West 2006).

iii. FOIA Disclosure Exemptions

Sections 7(1)(a), (1)(b), and (1)(c) of the FOIA state, in part, as follows:

"(1) The following shall be exempt from inspection and copying:

(a) Information specifically prohibited from disclosure by federal or State law or rules and regulations adopted under federal or State law.

(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal

privacy, unless the disclosure is consented to in writing by the individual subjects of the information.  The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to:

* * *

(v) information revealing the identity of persons who file complaints with or provide information to administrative, investigative, law enforcement or penal agencies;

***

(c) Records compiled by any public body for administrative enforcement proceedings and any law

enforcement or correctional agency for law enforcement purposes or for internal matters of a public body, but only to the extent that disclosure would:

(i) interfere with pending or actually and reasonably contemplated law enforcement proceedings conducted by any law enforcement or correctional agency;

* * *

(vi) constitute an invasion of personal privacy under subsection (b) of this Section;

***

(viii) obstruct an ongoing criminal investigation." 5 ILCS 140/7(1)(a), (1)(b)(v), (1)(c)(i), (1)(c)(vi), (1)(c)(viii) (West 2006).

## b. Policy Underlying the FOIA

As we noted earlier, Federal Rule of Criminal Procedure 6(e)(2) gives a private citizen the discretion to choose to disclose or not disclose the receipt of a federal grand jury subpoena without running afoul of the rule or federal law. However, the FOIA eliminates such discretion from the recipient of a federal grand jury subpoena if that recipient is a public official subject to FOIA's requirements.

Here, the Governor was served with subpoenas in his official capacity as the Governor of Illinois. As such, the FOIA applies, thus mandating "full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials." 5 ILCS 140/1 (West 2006). Thus, unlike for a private citizen, the FOIA eliminates any discretion the Governor, acting in his official capacity as Governor for the State of Illinois, has in keeping the subpoenas secret.

We are not surprised that governmental entities, including the United States Attorney, generally prefer not to reveal their activities to the public. If this were not a truism, no FOIA would be needed. Our legislature enacted the FOIA in recognition that (1) blanket government secrecy does not serve the public interest and (2) transparency should be the norm, except in rare, specified circumstances. The legislature

has concluded that the sunshine of public scrutiny is the best antidote to public corruption, and Illinois courts are duty-bound to enforce that policy.

Because we previously have held that Federal Rule of Criminal Procedure 6(e)(2) does not apply, we reject the Governor's argument that section 7(1)(a) prohibits disclosure. Similarly, because the record is absolutely devoid of any evidence that the federal grand jury subpoenas were "[r]ecords compiled by any public body for administrative enforcement proceedings and any law enforcement or correctional agency for law enforcement purposes or for internal matters of a public body," we reject the Governor's argument that sections 7(1)(c)(i) and 7(1)(c)(viii) prohibit disclosure (5 ILCS 140/7(1)(c)(i), (1)(c)(viii) (West 2006)). In addition, because disclosure of information that bears on the public duties of public officials is not considered an invasion of personal privacy under the FOIA, we reject the Governor's argument that sections 7(1)(c)(vi) and 7(1)(b) prohibit disclosure (5 ILCS 140/7(1)(c)(vi), (1)(b) (West 2006)).

Accordingly, we conclude that the trial court did not err by dismissing the Governor's summary-judgment motion and granting the BGA's motion for judgment on the pleadings.

B. The Governor's Claim of Newly Discovered Evidence

The Governor also contends that the trial court's order

should be reversed because of newly discovered evidence--namely, the United States Attorney's February 5, 2008, letter.  We disagree.

One intended purpose of a postruling motion is to bring to the trial court's attention newly discovered evidence that was not available at the time of the hearing at which the court ruled.  Gardner v. Navistar International Transportation Corp., 213 Ill. App. 3d 242, 248, 571 N.E.2d 1107, 1111 (1991).  Essentially, this type of motion seeks a "'"second bite at the apple,"'" which requires the trial court to determine whether it should admit new matters into evidence and reconsider its decision.  Daniels v. Corrigan, 382 Ill. App. 3d 66, 71, 866 N.E.2d 1193, 1200 (2008), quoting O'Shield v. Lakeside Bank, 335 Ill. App. 3d 834, 838, 781 N.E.2d 1114, 1118 (2002).  "A ruling on a motion to reconsider is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion."  Robidoux v. Oliphant, 201 Ill. 2d 324, 347, 775 N.E.2d 987, 1000 (2002).

Over 17 years ago in Gardner, 213 Ill. App. 3d at 248, 571 N.E.2d at 1111, this court rejected the plaintiff's newly discovered evidence argument because the evidence the plaintiff sought to have us consider "had been available prior to the hearing on the motion for summary judgment."  In so concluding, this court wrote the following:

"Trial courts should not permit litigants to stand mute, lose a motion, and then frantically gather evidentiary material to show that the court erred in its ruling. Civil proceedings already suffer from far too many delays, and the interests of finality and efficiency _require_ that the trial courts not consider such late-tendered evidentiary material, no matter what the contents thereof may be." (Emphasis in original.) Gardner, 213 Ill. App. 3d at 248-49, 571 N.E.2d at 1111.

See Robidoux, 201 Ill. 2d at 346, 775 N.E.2d at 1000 (quoting Gardner approvingly).

In this case, the evidence showed that the February 5, 2008, letter from the United States Attorney was (1) sent in response to the Governor's inquiry (as shown by the letter's introductory clause) and (2) dated more than three weeks after the trial court denied the Governor's motion for summary judgment. Because the Governor did not alert the court to the United States Attorney's letter prior to the court's January 9, 2008, hearing, we conclude that the Governor's request for a letter from the United States Attorney was made after the February 5, 2008, hearing in a frantic attempt to show that the court had erred by denying his motion.

The Governor fails to explain why the trial court or this court should be impressed with the United States Attorney's February 5, 2008, letter, given that it is conclusory and filled with bureaucratic vagueness. If the United States Attorney really believed that the Governor's disclosing of the federal grand jury subpoenas would somehow have interfered with the federal grand jury investigation, the United States Attorney could have appeared in this litigation to make known and defend the federal grand jury's interests just as it did in Brady-Lunny v. Massey, 185 F. Supp. 2d 928, 930 (C.D. Ill. 2002).

In Brady-Lunny, 185 F. Supp. 2d at 929-30, a newspaper reporter sought information pertaining to all inmates in the custody of the DeWitt County sheriff pursuant to the FOIA. The sheriff provided the information sought for state inmates but not for federal inmates because the Code of Federal Regulations prohibited disclosure of "lists" of federal inmates (28 C.F.R. §513.34(b) (2006)). The newspaper company later sued the sheriff to compel disclosure. The United States Attorney intervened to protect the information about federal inmates and successfully moved the suit to the United States District Court for the Central District of Illinois under the federal-question doctrine (28 U.S.C. §1331 (2000)).

In granting the United States Attorney's motion for summary judgment, the district court concluded that in addition

- 25 -

to section 513.34(b) of title 28 of the Code of Federal Regulations, the listing sought was specifically barred by sections (b)(7)(C) and (b)(7)(F) of the federal FOIA (5 U.S.C. §552(b)(7)(C), (b)(7)(F) (2000)), which pertain to disclosures that could reasonably be expected to (1) constitute an unwarranted invasions of personal privacy and (2) endanger life or physical safety, respectively. Brady-Lunny, 185 F. Supp. 2d at 932.

Assuming that the United States Attorney could make a case that the Governor's disclosing the federal grand jury subpoenas would somehow have interfered with the federal grand jury investigation--a proposition about which we remain skeptical, given that the United States Attorney remained silent for over a year after being informed of this litigation--the trial court and this court would have given respectful consideration to any stated concerns. However, given the United States Attorney's silence (except for the barely audible February 5, 2008, letter), we decline to speculate about the harm that might somehow arise to an ongoing federal investigation by the mere act of revealing the substance of the subpoenas in question.

For the reasons stated, the United States Attorney's February 5, 2008, letter was insufficient to call into question the trial court's FOIA ruling. Thus, we conclude that the court did not abuse its discretion by denying the Governor's motion to

reconsider.

In closing, this court commends the trial court's thoughtful analysis and careful explanation of its findings, which we found most helpful.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

APPLETON, P.J., and McCULLOUGH, J., concur.