# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Watkins v. McCarthy*, 2012 IL App (1st) 100632

---

| | |
|---|---|
| Appellate Court Caption | KILROY WATKINS, Plaintiff-Appellant, v. GARRY F. McCARTHY, as Superintendent of the City of Chicago Police Department, Defendant-Appellee. |
| District & No. | First District, First Division<br>Docket No. 1-10-0632 |
| Rule 23 Order filed | September 17, 2012 |
| Rule 23 Order withdrawn | November 5, 2012 |
| Opinion filed | November 5, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of an inmate's action pursuant to the Freedom of Information Act seeking the disclosure of documents relating to complaints of misconduct against two police officers involved in the inmate's prosecution was reversed and the cause was remanded to the trial court for an *in camera* inspection to determine whether any claimed exemptions were applicable and whether certain information should be redacted. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-9105; the Hon. Dorothy Kirie Kinnaird, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Loevy & Loevy, of Chicago (Arthur Loevy, Jon Loevy, and Elizabeth Wang, of counsel), for appellant.

Mara S. Georges, Corporation Counsel, of Chicago (Benna Ruth Solomon, Myriam Zreczny Kasper, and Joseph Francis Graham, Assistant Corporation Counsel, of counsel), for appellee.

Panel

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.

Presiding Justice Hoffman and Justice Hall concurred in the judgment and opinion.

## OPINION

¶ 1 Plaintiff, Kilroy Watkins, an inmate at Lawrence Correctional Center, appeals the dismissal of his complaint against defendant, Garry McCarthy, superintendent of the Chicago Police Department (Department), seeking to compel disclosure, under the state Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2008)), of documents relating to complaints of misconduct made against two police officers. Plaintiff alleged that these officers coerced him into making a confession that led to his first-degree murder and armed robbery convictions. In an order entered January 5, 2012, we initially dismissed this appeal for lack of jurisdiction (*Watkins v. McCarthy*, 2012 IL App (1st) 100632-U). Pursuant to a supervisory order (*Watkins v. McCarthy*, No. 114063 (Ill. May 30, 2012) (supervisory order)), our supreme court, on May 30, 2012, directed that we vacate our order and consider the matter on its merits. Having vacated our prior order, and upon consideration of the merits of this appeal, we reverse the order granting defendant's motion to dismiss and remand this cause to the circuit court for an *in camera* inspection of the documents requested by plaintiff pursuant to section 11(f) of the FOIA. 5 ILCS 140/11(f) (West 2008).

¶ 2                                     BACKGROUND

¶ 3 In a letter dated July 26, 2008, addressed to the mayor's office of inquiry and information, plaintiff submitted a FOIA request for:

"[A]ll records, including personnel files *between 1990 to present*, relating to disciplinary actions taken against [Chicago police officers John Halloran and Kenneth Boudreau], as well as records relating to investigations of complaints made against the officers regarding their actions as police officers. Those records would include citizens' complaints, and FBI investigations regarding the officers' conduct." (Emphasis added.)

The Department denied plaintiff's request, claiming the documents were exempt from

disclosure under sections 7(1)(b), (1)(c)(ii), (c)(iii), and (c)(vi) of the FOIA. 5 ILCS 140/7(1)(b), (1)(c)(ii), (c)(iii), (c)(vi) (West 2008). Plaintiff appealed administratively, seeking "all records, including personnel files *between 1990 to 1994* relating to disciplinary actions taken against the above noted officers as well as records relating to investigations of complaints made against the officers." (Emphasis added.)

¶ 4 After his unsuccessful administrative appeal, plaintiff filed the subject complaint against defendant, seeking a declaratory judgment that he was entitled to the requested documents under the FOIA, and an order directing defendant to produce them. Alternatively, plaintiff requested an *in camera* inspection of the requested documents to determine whether they may be appropriately withheld under any FOIA exemptions. Plaintiff's complaint referred to "records between 1990 and 1994."

¶ 5 On October 9, 2009, defendant filed a motion to dismiss the complaint pursuant to section 2-619(a)(9) of the Illinois Code of Civil Procedure (Code). 735 ILCS 5/2-619(a)(9) (West 2008). Defendant argued the requested documents, maintained by the Department in its complaint register (CR) files, were exempt because: (1) disclosure would deprive the officers of a fair trial or an impartial hearing (5 ILCS 140/7(1)(c)(iii) (West 2008)); (2) the documents contained the formulation and expression of the Department's opinions regarding officer discipline (5 ILCS 140/7(1)(f) (West 2008)); (3) disclosure would constitute a clearly unwarranted invasion of personal privacy (5 ILCS 140/7(1)(b) (West 2008)), and reveal the identity of persons who file complaints or provide information to law enforcement (5 ILCS 140/7(1)(b)(v) (West 2008)); and (4) the records constitute personnel files or personal information of the Department's employees (5 ILCS 140/7(1)(b)(ii) (West 2008)). In support of dismissal, defendant submitted, *inter alia*, an amended complaint filed in federal district court where the same officers had been included as defendants for their involvement in procuring the wrongful conviction of Harold Hill (Hill v. City of Chicago, No. 06 C 6772 (*Hill* suit)), a protective order entered in the *Hill* suit that maintained the confidentiality of documents produced during discovery, and the affidavit of Sergeant Phyllis Muzupappa, commanding officer of the records section of the Department's internal affairs division (IAD).

¶ 6 In her seven-page affidavit, Sergeant Muzupappa explained that it is the responsibility of IAD to investigate complaints of misconduct made against officers and to create and maintain CR files containing the complaints and all records relating to the investigations of and any resulting disciplinary actions as to those complaints. During the relevant period of 1990 through 1994, the Department had an " 'open' CR complaint system and thus registered, processed and investigated all complaints, even if the complaint was false or frivolous or if the officer had acted lawfully." Furthermore, under this system, a CR file would be created even if the allegation of misconduct related to an officer's off-duty or private conduct. Sergeant Muzupappa stated that she reviewed the CR files of Detectives Boudreau and Halloran from 1990 through 1994, and set forth in detail what those specific files contained.

¶ 7 On October 22, 2010, the circuit court entered a written order granting defendant's motion to dismiss with prejudice, finding the requested documents exempt from disclosure under sections 7(1)(b), (1)(c)(iii), and (1)(f) of the FOIA. 5 ILCS 140/7(1)(b), (1)(c)(iii),

(1)(f) (West 2008). The court found section 7(1)(c)(iii) applied because both officers were involved in ongoing civil proceedings in the federal district court and, thus, disclosure of complaints of misconduct, particularly complaints found to be frivolous, "would undoubtedly lead to them being disseminated to the public at large, and would taint the jury pool in advance of the trials of those cases." The court also found the section 7(1)(f) exemption applicable because the requested documents "would necessarily be used to form and express an opinion as to whether the officer should be disciplined." The court found the CR files were exempt both under section 7(1)(b)(ii) as personnel records and under section 7(1)(b)(v), which protects the identity of persons who file complaints with law enforcement entities. Finally, the court stated that it had only considered plaintiff's request for records relating to the 1990 to 1994 time period.

¶ 8        On appeal, plaintiff argues the circuit court erred in finding that the requested records were exempted from disclosure and in failing to conduct an *in camera* review of those records under section 11(f) of the FOIA. 5 ILCS 140/11(f) (West 2008). Plaintiff further argues that the affidavit of Sergeant Muzupappa was conclusory and inadequate to sustain defendant's burden to show the requested documents were exempt. Plaintiff asks that we reverse the order of dismissal and remand this cause to the circuit court for an *in camera* inspection of the requested documents. Alternatively, in his reply brief, plaintiff asks this court to remand this cause with instructions to order the disclosure of the CR files from 1990 to the present, with redactions of certain identifying information. Defendant argues that the complaint was properly dismissed as the requested records were exempted from disclosure under several provisions of section 7 of the FOIA.

¶ 9                                DISCUSSION

¶ 10       Section 2-619(a)(9) of the Code allows involuntary dismissal of a claim that is "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2008). " 'Affirmative matter' " is something " 'in the nature of a defense that negates the cause of action completely.' " *Jackson v. Randle*, 2011 IL App (4th) 100790, ¶ 12 (quoting *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999)). " 'Our review of a section 2-619(a)(9) motion to dismiss "is limited to consideration of the legal questions presented by the pleadings, but such review is independent and need not defer to the trial court's reasoning." [Citation.] Accordingly, we apply a *de novo* standard of review.' " *Carlson v. Glueckert Funeral Home, Ltd.*, 407 Ill. App. 3d 257, 260 (2011) (quoting *Frydman v. Horn Eye Center, Ltd.*, 286 Ill. App. 3d 853, 857-58 (1997)).

¶ 11       Initially, we note the parties are in agreement that although plaintiff requested all records, including personnel files relating to complaints of misconduct against Detectives Halloran and Boudreau, it is the CR files of these officers which are at issue. The parties, however, disagree as to whether our review encompasses the CR files from 1990 to the present, as indicated in plaintiff's FOIA request, or from 1990 to 1994, as indicated in plaintiff's administrative appeal and complaint for declaratory judgment. Because the trial court's decision granting defendant's motion to dismiss was limited to the well-pled allegations of the complaint, our review of that decision is, likewise, limited to those same allegations

-4-

regarding the CR files from 1990 to 1994. See generally *Turner v. Memorial Medical Center*, 233 Ill. 2d 494, 503-04 (2009).

¶ 12    Additionally, in our discussion, unless otherwise noted, we will refer to the version of the FOIA as it existed in 2009, when plaintiff filed the underlying declaratory judgment action against defendant. The FOIA has been amended in the years since this litigation began. Those amendments may or may not play a part in the circuit court upon remand.

¶ 13    Turning to the merits, the purpose of the FOIA is "to open governmental records to the light of public scrutiny." *Bowie v. Evanston Community Consolidated School District No. 65*, 128 Ill. 2d 373, 378 (1989). The FOIA may not be used to violate individual privacy rights or disrupt the proper work of a governmental body beyond its responsibilities under the Act. 5 ILCS 140/1 (West 2008). A public body must comply with a valid request for information unless one of the narrow statutory exemptions set forth in section 7 of the FOIA applies. *Day v. City of Chicago*, 388 Ill. App. 3d 70, 73 (2009). "Where, as here, the requesting party challenges the public body's denial of a FOIA request, the public body must demonstrate that the records requested fall within the claimed exception." *Stern v. Wheaton-Warrenville Community Unit School District 200*, 233 Ill. 2d 396, 406 (2009). " 'To meet this burden and to assist the court in making its determination, the agency must provide a *detailed* justification for its claimed exemption, addressing the requested documents specifically and in a manner allowing for adequate adversary testing.' " (Emphasis in original.) (Internal quotation marks omitted.) *Day*, 388 Ill. App. 3d at 74 (quoting *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 464 (2003)).

¶ 14    Section 11(f) of the FOIA provides that the circuit court shall review the request for documents *de novo* and conduct such *in camera* examination of the requested records as it finds appropriate to determine if such records, or any part thereof, may be withheld under any provision of the FOIA. 5 ILCS 140/11(f) (West 2008); *Southern Illinoisan v. Illinois Department of Public Health*, 218 Ill. 2d 390, 418 (2006). The circuit court need not conduct an *in camera* review if the public body meets its burden of proving that a particular statutory exemption applies through affidavits. *Illinois Education Ass'n*, 204 Ill. 2d at 469. However, "if the public body's claims are conclusory, merely recite statutory standards, or are too vague or sweeping," affidavits will not suffice to satisfy the public body's burden of proof. *Id*.

¶ 15                    Section 7(1)(b) Exemptions

¶ 16    The supreme court has adopted a *per se* rule for information falling within one of the specifically enumerated exemptions set forth in section 7(1)(b) of the FOIA. These exemptions cover:

   "Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless that disclosure is consented to in writing by the individual subjects of that information. *The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy*." (Emphasis added.) 5 ILCS 140/7(1)(b) (West 2008).

If the public body is able to prove that a requested document falls within the listed

exemptions of section 7(1)(b), no further inquiry by the court is required. *Stern*, 233 Ill. 2d at 407.

¶ 17    Defendant maintains the evidence establishes that the requested documents are *per se* exempt under two provisions of section 7(1)(b). We will consider each provision in turn.

¶ 18                                    Section 7(1)(b)(ii)

¶ 19    Defendant first asserts that the CR files in their entirety fall within the exemption set forth in section 7(1)(b)(ii):

> "[P]ersonnel files and personal information maintained with respect to employees, appointees or elected officials of any public body or applicants for those positions[.]" 5 ILCS 140/7(1)(b)(ii) (West 2008).

Defendant does not justify his conclusion that the requested records are protected "personnel files" with factual support.

¶ 20    As we have discussed, plaintiff's request is for the identified officers' CR files. The affidavit of Sergeant Muzupappa described the CR files as records that are created and maintained, not by the personnel department of the Department, but by the IAD. The CR files contain a wide variety of documents and information pertaining to the initiation, investigation, and resolution of complaints of misconduct made by the public against police officers. Sergeant Muzzapappa does not describe the records, in any way, as "personnel files," or as records maintained in "personnel files." Furthermore, it is not readily apparent that CR files are the type of documents that would "reasonably be expected" to be found in personnel files. See generally *Copley Press, Inc. v. Board of Education for Peoria School District No. 150*, 359 Ill. App. 3d 321, 324 (2005). In that the exemptions of section 7 must be read narrowly (*Day*, 388 Ill. App. 3d at 73) and defendant has the burden of justifying the applicability of the asserted exemption in detail (*Illinois Education Ass'n*, 204 Ill. 2d at 464), we do not find defendant's argument, that the personnel file exemption prohibits disclosure of the CR files in their entirety, convincing.

¶ 21    However, we understand that how a public entity's files are labeled or arranged does not necessarily control whether documents fall within the personnel file exemption of section 7. For example, in *Stern*, our supreme court held that a school superintendent's employment contract was "not the kind of record the General Assembly intended to keep from public view and does not fall within the exemption for personnel files in section 7(1)(b)." *Stern*, 233 Ill. 2d at 413. The court found that although an employment contract may be part of a personnel file, it bears on the public duties of the employee and, under the Act, did not constitute an invasion of personal privacy as specifically set forth in the Act.

¶ 22    In *Gekas v. Williamson*, 393 Ill. App. 3d 573 (2009), a case factually on point, the court, relying in part on the holding in *Stern*, held that section 7(1)(b)(ii) did not exempt from disclosure internal investigations of alleged misconduct against a deputy sheriff. *Id*. at 583-84. The court found that investigations of complaints of misconduct differed from performance evaluations and dealt with the sheriff's public duties. We find *Gekas* to be controlling and that it requires a conclusion that the CR files are not exempt from disclosure under section (7)(b)(ii) as personnel files.

¶ 23    Defendant asks us not to follow *Gekas* because that court made "a profound error of statutory construction" when it said:

"Unlike a performance evaluation, the Division's records are not generated for [the deputy sheriff's] personal use, and they do not concern his personal affairs. What he does in his capacity as deputy sheriff is not his private business. Whether he used excessive force or otherwise committed misconduct during an investigation or arrest is not his private business. Internal-affairs files that scrutinize what a police officer did by the authority of his or her badge do not have the personal connotations of an employment application, a tax form, or a request for medical leave. Not every scrap of paper that enters a personnel file necessarily is personal information." *Gekas*, 393 Ill. App. 3d at 583.

Defendant believes that the court in *Gekas* disregarded that section 7(1)(b)(ii) exempts both "personnel files" and "personal information." 5 ILCS 140/7(1)(b)(ii) (West 2008). We disagree.

¶ 24    As plaintiff notes in his reply brief, the point of the above discussion in *Gekas* was the court's recognition that a complaint of misconduct against a deputy sheriff in the performance of his public duties should not, as set forth in the introduction of section 7(1)(b), "be considered an invasion of personal privacy," even if contained within otherwise exempt personnel files. (Internal quotation marks omitted.) *Gekas*, 393 Ill. App. 3d at 584. See also *Stern*, 233 Ill. 2d at 412 (where "the mere 'commingling' of exempt and nonexempt material does not prevent a public body from disclosing the nonexempt portion of the record"); *Rockford Police Benevolent & Protective Ass'n v. Morrissey*, 398 Ill. App. 3d 145, 152 (2010) (court rejected argument that the personnel file exemption applied to a department as a whole, saying the exemption prevents "an invasion of an individual's personal privacy").

¶ 25    Defendant raises issues as to certain CR files, and their need to be protected from disclosure, under the personnel file exemption. First, according to the affidavit of Sergeant Muzupappa, the requested CR files include complaints that were found to be without basis or frivolous. However, in *Gekas*, the court held that "[c]omplaints, founded or unfounded, that [an officer] committed misconduct in his [or her] capacity *** are information that bears on [his or her] public duties," and are not exempt. (Internal quotation marks omitted.) *Gekas*, 393 Ill. App. 3d at 586. Similarly, the CR files requested by plaintiff pertaining to complaints against the officers here, which were found to be without merit, would not be exempt under section 7(b)(ii).

¶ 26    Second, the affidavit also stated that one CR file "does not involve any allegation of wrong doing by an officer in the course of his official duties [but] involves an allegation against the officer in his off-duty capacity." At this stage, and without further knowledge of these particular documents that a more detailed affidavit and an *in camera* inspection would reveal, we decline to extend the *Gekas* holding and require disclosure of a complaint that deals with allegations of off-duty misconduct. However, the circuit court, on remand, should review the file and consider if any of the records within that particular CR file "bear" on the officer's public duties, are entirely personal in nature, or exempt for any reason.

¶ 27    Third, as for the CR file, which Sergeant Muzzapappa avers "involves the arrest and

investigation of persons under the age of 17, and is replete with documents addressing that subject matter," we note plaintiff's concession in his reply brief that any and all identifying and personal information as to the complainants and witnesses may be redacted prior to disclosure. See 5 ILCS 140/8 (West 2008); *Stern*, 233 Ill. 2d at 412. This CR file should be disclosed with redactions that secure the privacy of the complainants and witnesses with particular sensitivity to the young age of those involved.

¶ 28    Although we have found that the requested CR files in their entirety are not *per se* exempt from disclosure as personnel files, the CR files may contain purely personal information as to the officers that is exempt from disclosure. A review of Sergeant Muzzapappa's affidavit shows that CR files may include the officers' social security numbers, birth dates, employee numbers, personal health information, home addresses, and home telephone numbers. This personal information should be redacted before any disclosure of the CR files.

¶ 29                                       Section 7(1)(b)(v)

¶ 30    Subsection (v) of section 7(1)(b) exempts from disclosure "information revealing the identity of persons who file complaints with or provide information to administrative, investigative, law enforcement or penal agencies." 5 ILCS 140/7(1)(b)(v) (West 2008).

¶ 31    The Muzupappa affidavit delineates the extent of personal information contained in the CR files as to complainants, witnesses, and victims. In his reply brief, as we discussed above, defendant states he "is willing to agree that identifying information of complainants and witnesses in the CR files, such as names, addresses, dates of birth, social security numbers, telephone numbers, sex, and race, may be redacted from the CR files prior to disclosure." Accordingly, this personal information, as to complainants, witnesses, and others who provided information as to the complaints, is exempt and should be redacted from any disclosed records.

¶ 32                                       Other Exemptions

¶ 33    Defendant also asserts that the requested records are exempt under sections 7(1)(f) and 7(1)(a). Where the public body asserts an exemption for information outside the ambit of section 7(1)(b), the information is not *per se* exempt, and the circuit court must determine, on a case-by-case basis, whether the disclosure of such information would constitute an unwarranted invasion of personal privacy. *Stern*, 233 Ill. 2d at 407.

¶ 34                                       Section 7(1)(f)

¶ 35    Defendant maintains that the CR files are protected from disclosure under section 7(1)(f) of the FOIA, which exempts "[p]reliminary drafts, notes, recommendations, memoranda and other records in which opinions are expressed, or policies or actions are formulated." 5 ILCS 140/7(1)(f) (West 2008). In arguing that this section applies to the CR files as a whole, defendant asserts "that senior CPD officials rely on the entire CR file when formulating the ultimate decision about discipline."

¶ 36 Section 7(1)(f) has been held to be "the equivalent of the federal 'deliberative process' exemption [of the federal Freedom of Information Act], which applies to 'predecisional materials used by a public body in its deliberative process.' " *Day*, 388 Ill. App. 3d at 79 (quoting *Harwood v. McDonough*, 344 Ill. App. 3d 242, 247 (2003)). This exemption expresses the public policy favoring the confidentiality of predecisional materials and "is intended to protect the communication process and encourage frank and open discussion among agency employees before a final decision is made." *Harwood*, 344 Ill. App. 3d at 248. The court, in *Enviro Tech International, Inc. v. United States Environmental Protection Agency*, 371 F.3d 370 (7th Cir. 2004), explained the scope of the federal deliberative-process exemption:

"Consistent with its purpose, the deliberative process privilege typically does not justify the withholding of purely factual material [citation], nor of documents reflecting an agency's final policy decisions, [citation], but it does apply to predecisional policy discussions, [citation], and to factual matters inextricably intertwined with such discussions, [citation]. Thus, in order to qualify for the privilege, a document must be both predecisional in the sense that it is 'actually [a]ntecedent to the adoption of an agency policy,' and deliberative in the sense that it is 'actually... related to the process by which policies are formulated.' [Citations.]" *Id*. at 374-75.

See *Harwood*, 344 Ill. App. 3d at 248 (explaining that the exemption " 'protects predecisional, deliberative communications that are part of an agency's decision-making process' [citation]").

¶ 37 In her affidavit, Sergeant Muzupappa stated the requested CR files included summary report digests, which state the investigators' findings as well as their recommendations regarding appropriate discipline, and the command channel review summaries, which state the opinions of senior Department officials on the findings and recommendations for discipline. Additionally, some CR files had additional memoranda from senior officials discussing their opinions and reasoning in reviewing the investigators' findings. The sergeant stated: "These opinions and recommendations issued during Command Channel Review, along with the Summary Report Digest, form the basis of any subsequent decision as to whether, and what kind of discipline, if any, should be imposed against the officer." The affidavit does make a case that the deliberative-process exemption may apply and generally indicates what materials in each CR file may fall within the deliberative-process exemption. The affidavit, however, does not allow for adequate adversarial testing of defendant's premise that the exemption applies to the requested documents as a whole, and certainly does not justify the withholding of the entire CR file. An *in camera* inspection is necessary to determine whether the exemption applies and, if so, to what material.

¶ 38 We conclude an "*in camera* review [would be] the most effective way for the public body to objectively demonstrate that the exemption claimed does, in fact, apply." *National Ass'n of Criminal Defense Lawyers v. Chicago Police Department*, 399 Ill. App. 3d 1, 13 (2010). To the extent that any of the documents contained in the CR files include protected predecisional matters, those portions may be redacted, and the documents need not be withheld in their entirety. *Day*, 388 Ill. App. 3d at 79; 5 ILCS 140/8 (West 2008) (which provides where an exempt public record contains material which is nonexempt "the public

body shall delete the information which is exempt and make the remaining information available for inspection and copying").

¶ 39                                          Section 7(1)(a)

¶ 40     Defendant argues that the CR files fall within the exemption of section 7(1)(a) of the FOIA, which covers "[i]nformation specifically prohibited from disclosure by federal or State law." 5 ILCS 140/7(1)(a) (West 2008).

¶ 41     Defendant first claims that disclosure is prohibited under state law in that the CR files are "records of disciplinary action" under the Personnel Record Review Act (820 ILCS 40/1 *et seq.* (West 2008)) and, therefore, are protected from release under section 8 of the Personnel Record Review Act. We do not agree.

¶ 42     The Personnel Record Review Act is designed to permit employees "to review *personnel records*; to provide criteria for the review; to prescribe the information which may be contained in personnel records; and to provide penalties." (Emphasis added.) 820 ILCS Ann. 40/0.01, Historical & Statutory Notes, at 226 (Smith-Hurd 2008). Section 7 provides that an employer must give an employee notice before releasing disciplinary records as to a third party. 820 ILCS 40/7 (West 2008). Section 8 provides that an employer, before releasing information to a third party, must "except when the release is ordered to a party in a legal action or arbitration, delete disciplinary reports, letters of reprimand, or other records of disciplinary action which are more than four years old." 820 ILCS 40/8 (West 2008). As we read section 8, it arguably would not prohibit disclosure of disciplinary actions if ordered to be disclosed pursuant to an FOIA action. Furthermore, section 11 specifically states that this act "shall not be construed to diminish a right of access to records already otherwise provided by law." 820 ILCS 40/11 (West 2008). Thus, pursuant to section 11, the Personnel Record Review Act is not a state law which would prohibit the disclosure of information contained in the CR files, to the extent such information may fall within the scope of the Personnel Record Review Act, but was required to be disclosed under the FOIA.

¶ 43     Defendant further argues that the CR files are prohibited from disclosure under "federal law" because of the protective order entered in the *Hill* suit. The order, by its terms, applied to the exchange of confidential discovery by the parties in the *Hill* suit. The protective order did not specifically prohibit the dissemination of documents pursuant to a FOIA request of a person not a party to the *Hill* suit. Further, the order had a means by which the Department could seek release of the CR files. The order allowed the parties to make an application to release documents that may have been considered confidential under the protective order. Plaintiff in his reply brief advised this court that after the dismissal of plaintiff's suit, on October 14, 2011, the *Hill* suit was dismissed with prejudice, without leave to reinstate, and attached a copy of the final agreed order of dismissal based on the parties' agreement to settle the matter. Even if we were to accept that the protective order is "a federal law" prohibiting disclosure under section 7(1)(a), the protective order would no longer be applicable based on the dismissal with prejudice of the *Hill* suit.

¶ 44                                    CONCLUSION

¶ 45        In summary, we have found that the requested CR files in their entirety, including
complaints found to be without merit, are not exempt under section 7(1)(b)(ii) as personnel
files. We do find the purely personal information of the police officers contained in the CR
files discussed above should be redacted before any release to plaintiff. The CR file relating
to a complaint as to off-duty misconduct should be reviewed by the court upon remand and
a determination should be made as to whether any material in that CR file is protected.
Personal information relating to the complainants and witnesses is exempt under section
7(1)(b)(v) and should be redacted from the CR files. The deliberative-process exemption of
section 7(1)(f) may apply to certain portions of the CR files. The issue needs further
development by the parties as to the applicability of the exemption and requires an *in camera*
inspection. We have found that the CR files are not protected from disclosure under the
Personnel Record Review Act or the protective order in the now dismissed *Hill* suit.

¶ 46        Notwithstanding plaintiff's suggestion that an *in camera* inspection is unnecessary and
that the CR files should be disclosed after redactions as to identifying and personal
information, we observe that an *in camera* review is the most effective way for a public body
to objectively demonstrate that a claimed exemption applies, even after the redactions are
made. *National Ass'n of Criminal Defense Lawyers*, 399 Ill. App. 3d at 12-13. An *in camera*
inspection under section 11(f) requires a *de novo* review by the circuit court and a
determination of whether the requested CR files may be withheld under any provision of the
FOIA. 5 ILCS 140/11(f) (West 2010). Thus, upon remand, the impact of any amendments
to the FOIA may be considered, including recently enacted section 7(1)(n) (which exempts
"[r]ecords relating to a public body's adjudication of employee grievances or disciplinary
cases; however, this exemption shall not extend to the final outcome of cases in which
discipline is imposed' "). 5 ILCS 140/7(1)(n) (West 2010). Whether this section exempts CR
files has been the subject of healthy debate in the federal courts. See *Martinez v. City of
Chicago*, No. 09 C 5938, 2012 WL 1655953 (E.D. Ill. May 10, 2012) (and the cases cited
therein).

¶ 47        Accordingly, we reverse the trial court's order granting the motion to dismiss and remand
this cause to the trial court for an *in camera* inspection of the requested CR files for the time
period of 1990 through 1994.


¶ 48        Reversed and remanded.