# Illinois Official Reports

## Appellate Court

---

***Johnson v. Joliet Police Department*, 2018 IL App (3d) 170726**

---

| | |
|---|---|
| Appellate Court Caption | MACEO JOHNSON, Plaintiff-Appellant, v. THE JOLIET POLICE DEPARTMENT, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-17-0726 |
| Filed | June 19, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 17-MR-0673; the Hon. Arkadiusz Z. Smigielski, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Maceo Johnson, of Joliet, appellant *pro se*.<br><br>Michael D. Bersani and Yordana Wysocki, of Hervas, Condon & Bersani, P.C., of Itasca, for appellee. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Presiding Justice Carter and Justice Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1        Plaintiff, Maceo Johnson, filed a lawsuit seeking injunctive relief after defendant, the Joliet Police Department, denied a request made under the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2016)). The Will County circuit court dismissed the complaint. On appeal, plaintiff argues that he was entitled to the requested records under FOIA. We affirm.

¶ 2                                                                FACTS

¶ 3        On January 27, 2017, plaintiff delivered a FOIA request to defendant seeking "[d]isciplinary history for employee Don McKinney." In a responsive letter, defendant wrote: "It is unclear what you mean by 'disciplinary history', but we took this to mean discipline imposed from citizen complaints." Defendant also cited in its letter section 8 of the Personnel Record Review Act (Review Act) (820 ILCS 40/8 (West 2016)), which provides that an employer shall delete "records of disciplinary action which are more than 4 years old" before turning such records over to a third party. Defendant also wrote that "Donald McKinney does not have any citizen complaint[s] filed against him."

¶ 4        Plaintiff, in turn, wrote a letter to defendant, arguing that the Review Act had been construed to not apply to requests made under FOIA. He also clarified his request, stating: "I am requesting any records related to discipline concerning employee McKinney: disciplinary reports, complaints made by anyone (not just public citizens), letters of reprimand or any other records of disciplinary action." In a second responsive letter, defendant explained that it possessed no records of the type described by plaintiff within the last four years.

¶ 5        Plaintiff subsequently filed suit in the circuit court, arguing that the Review Act did not apply to FOIA requests. In the suit, plaintiff sought injunctive relief compelling defendant to provide the requested records. He also prayed for a civil penalty against defendant for the improper denial of his request. Defendant filed a motion to dismiss, asserting that the Review Act prevented it from delivering any of the records requested.[1] The circuit court granted defendant's motion and dismissed the complaint with prejudice.

¶ 6                                                             ANALYSIS

¶ 7        On appeal, plaintiff continues to argue that the Review Act does not exempt the records in question and thus maintains that the circuit court erred in dismissing his complaint. Defendant concedes on appeal that it does have "disciplinary records" for McKinney relating to two incidents occurring in 2010 and 2012. Those records do not, however, include any citizen complaints. Defendant argues that the Review Act dictates that those records from outside the four-year window may not be disclosed pursuant to a FOIA request.

¶ 8        Section 1.2 of FOIA provides that "[a]ll records in the custody or possession of a public body are presumed to be open to inspection or copying. Any public body that asserts that a record is exempt from disclosure has the burden of proving by clear and convincing evidence that it is exempt." 5 ILCS 140/1.2 (West 2016). Section 7(1)(a) of FOIA states: "[T]he

_____

[1]Defendant also argued that the matter should be dismissed because "the Joliet Police Department is not a suable entity." Defendant has abandoned this argument on appeal.

following shall be exempt from inspection and copying: (a) Information specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law." *Id.* § 7(1)(a). Finally, section 7.5 of FOIA reads: "Statutory exemptions. To the extent provided for by the statutes referenced below, the following shall be exempt from inspection and copying: *** (q) Information prohibited from being disclosed by the Personnel Records Review Act." *Id.* § 7.5(q).

¶ 9 Section 8 of the Review Act provides that "An employer shall review a personnel record before releasing information to a third party and, except when the release is ordered to a party in a legal action or arbitration, delete disciplinary reports, letters of reprimand, or other records of disciplinary action which are more than 4 years old." 820 ILCS 40/8 (West 2016). The Review Act also dictates that "This Act shall not be construed to diminish a right of access to records already otherwise provided by law, provided that disclosure of performance evaluations under the [FOIA] shall be prohibited." *Id.* § 11.

¶ 10 Initially, we find that the records presently in question are the types of disciplinary records contemplated by section 8 of the Review Act. While plaintiff also requested records of complaints made against McKinney, defendant explicitly responded that no such complaints existed, without reference to the four-year time span. The remainder of plaintiff's request, the portion at issue in this appeal, concerned "disciplinary reports, letters of reprimand, or other records of disciplinary action"[2] regarding McKinney. As plaintiff's request perfectly tracked the language of section 8 of the Review Act, there can be no dispute that any records in question would fall under the ambit of that section.

¶ 11 Putting aside momentarily section 11 of the Review Act, it is also clear that section 7.5(q) of FOIA and section 8 of the Review Act would serve to render the records in question exempt from disclosure. Section 8 of the Review Act dictates that disciplinary records more than four years old may not be turned over to a third party. Section 7.5(q) of FOIA holds that the prohibitions found in the Review Act are applicable to FOIA requests. Thus, absent section 11 of the Review Act, disciplinary records more than four years old would be exempt from disclosure under FOIA.

¶ 12 However, this appeal calls on us to determine how section 11 of the Review Act impacts that chain of logic. Section 11 of the Review Act, again, dictates that the Review Act should "not be construed to diminish a right of access to records already otherwise provided by law." *Id.* Plaintiff maintains that this clause stands for the proposition that the right of access provided by FOIA may not be abridged by any restrictions in the Review Act. Defendant contends that section 7.5(q) of FOIA and section 8 of the Review Act must be given effect.

¶ 13 The question to be decided on this appeal regarding the interplay between FOIA and the Review Act is an issue of statutory construction. Our primary aim in such an endeavor is to ascertain and give effect to the legislature's intent. *Flynn v. Industrial Comm'n*, 211 Ill. 2d 546, 555 (2004). "Statutes relating to the same subject must be compared and construed with reference to each other so that effect may be given to all of the provisions to the extent possible, even where an apparent conflict exists." *Id.* "A statute should be construed so that no word or phrase is rendered superfluous or meaningless." *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990). Specific language in a statute must take precedence over more general language on the same topic. See *id.*

---

[2]For reference purposes, we will describe the requested records simply as "disciplinary records."

¶ 14    FOIA lists the Review Act, by name, as a statute whose prohibitions create exemptions under FOIA. See 5 ILCS 140/7.5(q) (West 2016). If section 11 of the Review Act is construed as rendering the Review Act inapplicable to FOIA, then section 7.5(q) of FOIA would be superfluous and meaningless. On the other hand, even if section 11 of the Review Act is inapplicable to FOIA, it is still applicable to the numerous other laws that provide a right of access to records. See, *e.g.*, 5 ILCS 160/4 (West 2016) (right of access to public records under the State Records Act); 705 ILCS 105/16 (West 2016) (right of access to court records under the Clerks of Courts Act); 55 ILCS 5/3-5036 (West 2016) (right of access to various records under the Counties Code).

¶ 15    Accordingly, based on these familiar tenets of statutory construction, plaintiff's position is untenable. When possible, a court must give effect to all of the provisions of a statute such that none are rendered superfluous. Here then, to avoid rendering section 7.5(q) of FOIA wholly meaningless, we find that the prohibition on disclosure of disciplinary records more than four years old, found in section 8 of the Review Act, is applicable to FOIA requests and that such records are thus exempt from FOIA. The specific language of FOIA, which references the Review Act by name, must take precedence over the general construction guidance found in section 11 of the Review Act.

¶ 16    In reaching this conclusion, we reject plaintiff's argument that this case is factually identical to the First District cases of *Fraternal Order of Police, Chicago Lodge No. 7 v. City of Chicago*, 2016 IL App (1st) 143884, and *Watkins v. McCarthy*, 2012 IL App (1st) 100632. Notably, each of those cases concerned the disclosure of citizen complaint registers (CRs), rather than of disciplinary records. See *Fraternal Order of Police*, 2016 IL App (1st) 143884, ¶ 36; *Watkins*, 2012 IL App (1st) 100632, ¶ 41. In *Kalven v. City of Chicago*, 2014 IL App (1st) 121846, ¶ 20, the First District rejected the notion that CRs could be considered disciplinary records, stating:

> "The CRs are created to investigate reports of police misconduct, and any disciplinary adjudication that may take place as a result of the CRs comes later. While information obtained during the investigation may potentially be introduced during adjudication of a disciplinary case, a CR does not initiate that adjudication, nor can CRs themselves be considered disciplinary. Indeed, if a complaint is unsubstantiated, then no disciplinary adjudication ever occurs ***."

¶ 17    The court in *Fraternal Order of Police* relied directly on the holding in *Kalven* when it rejected the claim that CRs should be exempt from FOIA under section 8 of the Review Act. *Fraternal Order of Police*, 2016 IL App (1st) 143884, ¶¶ 51-53. In other words, because CRs did not constitute the type of disciplinary reports contemplated by the Review Act, there would be no basis for finding the CRs exempt from FOIA. *Id.* ¶ 53. Defendant in this case presumably had that result in mind when it explicitly responded to plaintiff's FOIA request by stating that McKinney had no complaints filed against him, in any time period. Defendant did not and does not now assert that any such complaints would be exempt if they existed.

¶ 18    Finally, we recognize that the court in *Fraternal Order of Police* noted that section 11 of the Review Act dictated that the type of disciplinary records contemplated by section 8 of the Review Act were nevertheless subject to disclosure under FOIA. *Id.* ¶ 46. That finding was necessarily *dicta*, as the conclusion that the CRs in question did not even trigger section 8 of the Review Act would obviate the need for any further Review Act analysis. Within that *dicta*, the *Fraternal Order of Police* court cited *Watkins*, where—prior to its decision in

*Kalven*—the court stated: "pursuant to section 11, the Personnel Record Review Act is not a state law which would prohibit the disclosure of information contained in the CR files, to the extent such information may fall within the scope of the Personnel Record Review Act, but was required to be disclosed under the FOIA." *Watkins*, 2012 IL App (1st) 100632, ¶ 42. In *Watkins*, however, the court did not consider the specific invocation of the Review Act in section 7.5(q) of FOIA, instead only addressing the general clause of section 7(1)(a). *Id.* ¶ 40; see *supra* ¶ 8. In any event, insofar as either *Watkins* or *Fraternal Order of Police* can be read as standing for the proposition that section 11 of the Review Act negates the applicability of section 8 of the Review Act to FOIA, we disagree for the reasons listed above. See *supra* ¶¶ 12-15.

¶ 19                                                  CONCLUSION
¶ 20            The judgment of the circuit court of Will County is affirmed.

¶ 21            Affirmed.