2023 IL App (1st) 210629-U

SECOND DIVISION
March 31, 2023

No. 1-21-0629

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).
_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| CHICAGO PUBLIC MEDA, | ) | Appeal from the Circuit |
| | ) | Court of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19 CH 008238 |
| | ) | |
| ILLINOIS STATE TOLL HIGHWAY | ) | |
| AUTHORITY, | ) | Honorable |
| | ) | Celia G. Gamrath, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*: The judgment of the circuit court of Cook County is affirmed and the case is remanded for further proceedings; the trial court properly found that subpoenas issues to a public body are not categorically exempt from disclosure under FOIA but may contain information that is; therefore, the trial court should have conducted an *in camera* inspection to determine whether the documents were subject to redaction.

¶ 2    Plaintiff, Chicago Public Media, filed a Freedom of Information Act (FOIA) request with defendant, the Illinois State Toll Highway Authority. Defendant objected to part of the request and refused to comply. Plaintiff filed this case against defendant for violating FOIA. On cross-

motions, the circuit court of Cook County granted relief, in part, to both parties. The court held that defendant was required to comply with the FOIA request, but that defendant was entitled to make certain redactions to the documents before turning them over to plaintiff. Plaintiff appeals, arguing that it should receive the documents in full, without redactions.

¶ 3     For the following reasons, we affirm the trial court's order and remand the case with instructions that the court conduct an *in camera* review of the redactions to determine whether any exemption from disclosure under FOIA applies and for further proceedings not inconsistent with this order.

¶ 4                                    BACKGROUND

¶ 5     Plaintiff is a company that owns several local media platforms including a radio station, WBEZ-Chicago. On March 18, 2019, a WBEZ reporter submitted a FOIA request to defendant asking defendant to turn over "any and all subpoenas from federal, state, or local law enforcement authorities seeking documents or testimony that have been filed with the Illinois State Tollway since January 1, 2018."

¶ 6     The parties negotiated defendant's compliance with the FOIA request. There were originally over 400 potentially responsive subpoenas. Through negotiations, the parties narrowed the scope of the FOIA request to 126 responsive subpoenas. Defendant agreed to turn over some of the subpoenas responsive to the request but indicated that it would not produce the subpoenas where the issuing agency objected to the subpoena being disclosed. Defendant turned over 83 of the 126 responsive subpoenas, but it withheld the other 43 on the basis that the issuing agencies objected to their disclosure.

¶ 7     Plaintiff filed this case claiming that defendant violated FOIA because defendant is a public body and the records sought are non-exempt public records under FOIA. Defendant

moved to dismiss the complaint arguing that it properly withheld from production certain subpoenas under the section of FOIA that exempts from disclosure information that is prohibited from disclosure under state or federal law. See 5 ILCS 140/7(1)(a) (West 2020). Defendant maintained that section 112-6(b) of the Illinois Code of Criminal Procedure and Federal Rule of Criminal Procedure 6(e) prohibit disclosure of material that reveals secret aspects of grand jury investigations and proceedings. See 725 ILCS 5/112-6(b) (West 2020); Fed. R. Crim. Pro. 6(e) (West 2020). Defendant further argued that it properly withheld certain documents under the section of FOIA that exempts from disclosure information that would interfere with actual or expected law enforcement proceedings. See 5 ILCS 140/7(1)(d)(i) (West 2020).

¶ 8       Plaintiff filed a motion for summary judgment arguing that the recipient of a grand jury subpoena is not prohibited by law from disclosing it. Plaintiff maintained that the same question had already been answered in *Better Government Association v. Blagojevich*, 386 Ill. App. 3d 808 (2008), where the court held that a public entity in receipt of a subpoena cannot withhold the contents of the subpoena in the face of a FOIA request by invoking grand jury secrecy. *Id.* at 817-18.

¶ 9       The trial court ruled partially in favor of each party on the respective motions. The court found that grand jury subpoenas "are not prohibited *per se* from disclosure under section 7(1)(a) of FOIA" and partially granted plaintiff's motion ordering defendant to disclose the subpoenas that are the subject of this appeal. Relying on our supreme court's decision in *In re Special Prosecutor*, 2019 IL 122848, and section 140/7(1) of FOIA, the court found:

> "[I]f the subpoena does not reveal some secret aspect of the grand jury's
> investigation, such as the 'identities of witnesses or jurors, the substance of
> testimony, the strategy or direction of the investigation, the deliberations or

questions of jurors, and the like,' then it is not exempt from disclosure. [Citation.] To the extent a subpoena contains such information, the exempt secret portions may be redacted. [Citation.]"

¶ 10    The trial court relied specifically on section 7(a) of FOIA, finding that defendant may redact any information prohibited from disclosure by section 7(a) through section 112-6 of the Code and/or Federal Rule of Procedure 6. The court explained that, if any dispute arose between the parties about the redactions, it would conduct an *in camera* inspection to determine the propriety of the redactions. The court found separately that the subpoenas that are the subject of this appeal are not exempt under section 7(1)(d)(1) of FOIA. In its conclusion, the court ruled:

"[Defendant] improperly withheld the remaining grand jury subpoenas that are not subject to the four protective orders, and shall produce these subpoenas (if any) within 60 days, with any necessary redactions *allowed by law*." (Emphasis added.)

¶ 11    Defendant produced the subpoenas at issue with significant redactions. Plaintiff filed a motion to reconsider the trial court's ruling on permitting defendant to redact the responsive documents. The trial court denied the motion to reconsider, and plaintiff now appeals that part of the order permitting defendant to redact the documents responsive to plaintiff's FOIA request. Defendant also filed a motion for the trial court to reconsider that part of the trial court's order directing it to provide the subpoenas. The trial court denied defendant's motion. Defendant did not file a cross-appeal.

ANALYSIS

¶ 12    Plaintiff argues that the trial court erred when it entered an order permitting defendant to redact information from the documents responsive to the FOIA request. The parties agree that the appeal presents a question of law and that we are to review the trial court's ruling *de novo*. See *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 22. Because the appeal arises from the trial court's final order granting summary judgment and presents an issue of statutory construction, our review is *de novo*. *Id*.

¶ 13    The primary objective in construing a statute is to ascertain and give effect to the intent of the legislature. *Id*. at ¶ 23. The language used by the legislature is the best indicator of what the legislature intended. *Id*. Courts are not entitled to rewrite a statute to add provisions or limitations the legislature did not include. *Illinois State Treasurer v. Illinois Workers' Compensation Commission*, 2015 IL 117418, ¶ 28.

¶ 14    FOIA "entitle[s] [all persons] to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees." 5 ILCS 140/1 (2020). The primary purpose of FOIA is to "enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest." *Id*. FOIA sets forth a well-accepted and important responsibility of the government in our democratic system: "It is a fundamental obligation of government to operate openly and provide public records [] expediently and efficiently" to those who request them. *Id*.

¶ 15    Every public record is presumed to be open and accessible to the public. *Chicago Tribune Co. v. Cook County Assessor's Office*, 2018 IL App (1st) 170455, ¶ 21. Thus, when a public body receives a proper request for information, it must comply with that request unless one of the narrow statutory exemptions enumerated in FOIA expressly applies. *Id*.; *Illinois Education*

*Association v. Illinois State Board of Education,* 204 Ill. 2d 456, 463 (2003). Under FOIA, if a government body wishes to withhold a document from production, the government has the burden of proving that the records in question fall within the exemption that it has claimed. *Stern v. Wheaton–Warrenville Community Unit School District 200*, 233 Ill. 2d 396, 406 (2009). A public body may redact certain information from documents that must otherwise be disclosed under FOIA. This court has found that a trial court "appropriately determined that *** the 'private information' (as used in section 7(1)(b) of the Act) in the documents sought was exempt under the Act [citations]; and that *** as provided in section 7(1), [the] public body may elect to redact exempt information from documents, [but] the public body '*shall* make the remaining information available for inspection and copying' (emphasis added). 5 ILCS 140/7(1) (West 2010)." *Heinrich v. White*, 2012 IL App (2d) 110564, ¶¶ 18-19.

¶ 16    When the government claims an exemption, it must prove the exemption applies by clear and convincing evidence. 5 ILCS 140/11(f) (West 2020). Based on the legislature's clearly stated intent, FOIA is to be construed with a liberal construction favoring disclosure while its exemptions are to be construed narrowly. *Calloway v. Chicago Police Department*, 2022 IL App (1st) 210090, ¶ 16.

¶ 17    In this case, plaintiff argues that the trial court erred when it entered an order allowing defendant to redact information from the subpoenas it was ordered to produce. Defendant argues that the trial court's decision to allow the redactions was proper under FOIA. Section 7 of FOIA, titled "Exemptions," lists more than forty categories and types of exempt information with more specific descriptions of specific documents in subsections to some categories. See 5 ILCS 140/7(1)(a) through 7(1)(mm) (West 2020). The trial court's order specifically cites section 7(1)(a) of FOIA, which exempts from disclosure information that is "prohibited from disclosure

by federal or State law and regulations implementing federal or State law." 5 ILCS 140/7(1)(a) (West 2020). Both federal and state law protect the secrecy of grand jury proceedings. See 725 ILCS 5/112-6(b) (West 2020); Fed. R. Crim. P. 6(e) (West 2020). The purpose of the rules protecting grand jury secrecy are to protect the integrity of the proceedings by, among other things, "preventing the flight of persons under indictment or investigation, protecting grand jurors from possible undue influence or intimidation, preventing subornation of perjury, encouraging prospective witnesses to testify freely and truthfully, and protecting the innocent from unwarranted exposure." *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 32.

¶ 18     Defendant concedes that section 112-6 and Rule 6 "do not expressly impose restrictions regarding disclosure on the recipient of a grand jury subpoena, such as [defendant] here." Nonetheless, defendant contends the trial court was correct that "even if [defendant] was not prohibited by statute from disclosing the subpoenas, it should still redact information that would reveal secret aspects of the grand jury proceedings" as a "necessary and fundamental part of criminal procedural law." Defendant notes the trial court "offered to conduct an *in camera* review, thereby ensuring [defendant's] compliance with its order limiting the redaction to information that truly should remain secret." No such *in camera* review has occurred in this case.

¶ 19     Under section 7(1)(a), the legislature has declared that "[i]nformation *specifically prohibited from disclosure* by federal or State law" is exempt from the requirements of FOIA. 5 ILCS 140/7(1)(a) (West 2020) (emphasis added). Thus, to invoke section 7(1)(a) defendant must demonstrate that it is "specifically prohibited" from disclosing the information it seeks to withhold from the public. This court has previously addressed the question of whether the recipient of a grand jury subpoena is "specifically prohibited" from disclosing the subpoena.

¶ 20      In *Better Government Association v. Blagojevich*, 386 Ill. App. 3d 808, 814-16 (2008), this court held that a public body, just like a private citizen, is not specifically prohibited from disclosing the existence or the content of a grand jury subpoena. Except in limited circumstances not relevant here, the recipient of a grand jury subpoena has the right to choose whether or not to disclose the subpoena. Subpoena recipients are not required to keep the information in the subpoena confidential lest they run afoul of grand jury secrecy rules. See *id*. at 814 ("a private citizen has the discretion to reveal the subpoena, and if he chooses to do so, he will not suffer the wrath of the federal court's contempt powers or be subject to any federal charges."). A public body does not have the same right to the privacy of its information that an individual citizen maintains. A government entity does not have the right to choose to keep the receipt and the entirety of the contents of a grand jury subpoena private because the subpoena is a public record under FOIA. See *id.* at 816-18.

¶ 21      The trial court ruled that although the subpoenas were not in themselves exempt under section 7 of FOIA some information therein might be exempt. The court specifically ruled that defendant may "redact any information prohibited from disclosure by Section 112-6 and Rule 6, which tends to reveal some secret aspect of the grand jury's investigation, identities of witnesses or jurors, substance of testimony, strategy or direction of the investigation, and the like." Thus, the trial court found, for certain information in the subpoenas, plaintiff is not entitled to the information because it failed to state a particularized need that would justify compromising the secrecy of grand jury proceedings.

¶ 22      Certain federal courts have limited disclosures by grand jury subpoena recipients and restricted disclosure of portions of a subpoena based on possibly violating the secrecy of the grand jury. See, *e.g.*, *In re Caremark International, Inc. Securities Litigation*, No. 94 C 4751,

1995 WL 557496, at *3 (N.D. Ill. Sept. 14, 1995). However, defendant's reliance on our supreme court's decision in *In re Appointment of Special Prosecutor*, 2019 IL 122949 is misplaced. In that case, our supreme court discussed the general need to keep grand jury material secret. The court referred to the well-accepted rule that disclosure of grand jury materials is appropriate only in cases where the need for disclosure outweighs the public interest in secrecy *Id.* at ¶ 46 (citing *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979)). Our supreme court found that the party seeking grand jury material in that case was not entitled to it because the requesting party failed to demonstrate a particularized need for disclosure that outweighed the policies supporting the secrecy of grand jury proceedings. *Id.* at ¶¶ 46-49.

¶ 23     *Appointment of Special Prosecutor* can be distinguished from the issue presented here. In *Appointment of Special Prosecutor*, the plaintiff submitted FOIA requests to the Office of the Special Prosecutor and to the City of Chicago seeking various documents concerning the conduct of the grand jury investigation. *Id.* ¶ 11. The plaintiff sought disclosure of grand jury materials from the special prosecutor, who was standing in the shoes of the State's Attorney's Office and from the City of Chicago. In regard to the FOIA request made to the special prosecutor's office, the grand jury secrecy statute makes a specific prohibition against the State's Attorney from disclosing matters before a grand jury. See 725 ILCS 5/112-6(b), 112-6(c) (West 2020) ("Matters other than the deliberations and vote of any grand juror shall not be disclosed by the State's Attorney" except in limited circumstances.) The Office of the Special Prosecutor in that case was standing in the shoes of the State's Attorney such that it was prohibited by law from disclosing the grand jury materials the plaintiff requested under FOIA. *Id.* And, as to the FOIA request made to the City, the grand jury materials sought by the plaintiff were under a specific

protective order issued by the court overseeing the grand jury. *Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 68. The supreme court held that the City was entitled to withhold the documents pursuant to the protective order, not pursuant to the grand jury secrecy rules defendant invokes here. *Id*. *Appointment of Special Prosecutor* provides no basis for defendant to withhold the subpoenas sought here in the face of a proper FOIA request.

¶ 24    We recognize that in this case the trial court tried to strike a balance between the secrecy of the grand jury and the need for transparency in government. However, this court rejected that approach in *Better Government*. *Better Government*, 386 Ill. App. 3d at 814-15. The court held there, as we do here, that we cannot judicially expand section 7(1)(a) of FOIA based on our idea of what might be sound policy in protecting grand jury secrecy. Courts "are not at liberty to depart from the plain language and meaning of a statute by reading into it exceptions, limitations or conditions that the legislature did not express." *Illinois State Treasurer*, 2015 IL 117418, ¶ 21. "No rule of construction authorizes [a] court to declare that the legislature did not mean what the plain language of the statute imports; nor may we rewrite a statute to add provisions or limitations the legislature did not include." (Internal quotation marks omitted.) *People v. Clark*, 2019 IL 122891, ¶ 47 (quoting *People v. Smith*, 2016 IL 119659, ¶ 28).

¶ 25    Because there is no specific prohibition on a grand jury subpoena recipient disclosing the subpoena, and because we cannot expand FOIA's exemptions by judicial proclamation, we reject the notion that defendant is entitled to redact the documents prior to production pursuant to section 7(1)(a). We cannot expand section 112-6, nor Federal Rule of Procedure 6, to encompass recipients of grand jury subpoenas. There is no federal or state law that "specifically prohibits" defendant from disclosing the full content of its subpoenas. See 725 ILCS 5/112-6(b) (West

2020); Fed. R. Crim. P. 6(e) (West 2020). Therefore, we find that defendant cannot rely on section 7(1)(a) of FOIA to withhold or to redact the relevant documents.

¶ 26    Defendant did not offer any other reason to the trial court to suggest that certain portions of the subpoenas were in need of special protection or that certain specific information included in the subpoenas is exempt from disclosure. Defendant has the burden to demonstrate by clear and convincing evidence that the information it seeks to redact is exempt. 5 ILCS 140/11(f) (West 2020 ("The burden shall be on the public body to establish that its refusal to permit public inspection or copying is in accordance with the provisions of this Act. Any public body that asserts that a record is exempt from disclosure has the burden of proving that it is exempt by clear and convincing evidence.").

¶ 27    As previously stated, for purposes of section 7(1)(a), defendant fails to demonstrate that any law specifically prohibits a grand jury subpoena recipient from disclosing any portion of the subpoena. On appeal, defendant also argues that common law principles prohibit it from disclosing the subpoenas to protect the secrecy of grand jury information (citing, *e.g.*, *People v. Van Dyke*, 2020 IL App (1st) 191384, ¶ 83 ("documents pertaining to matters before the grand jury are not the type of material that is given to the media because those proceedings are protected by statute and common law"). Defendant further argues that we must consider the dire consequences of allowing a party to access grand jury material by simply submitting a FOIA request.

> "A public body must comply with a valid request for information unless one of the narrow statutory exemptions set forth in section 7 of the FOIA applies. [Citation.] Where, as here, the requesting party challenges the public body's denial of a FOIA request, the public body must demonstrate that the records

requested fall within the claimed exception. [Citation.] To meet this burden and to assist the court in making its determination, the agency must provide a *detailed* justification for its claimed exemption, addressing the requested documents specifically and in a manner allowing for adequate adversary testing. [Citations.]" (Emphasis in original and internal quotation marks omitted.) *Watkins v. McCarthy*, 2012 IL App (1st) 100632, ¶ 13.

¶ 28 Defendant did not raise any common law rule or other exemptions in its motion to dismiss or in response to plaintiff's motion for summary judgment. Regardless, this court may affirm the trial court's judgment on any basis supported by the record. *Shrock v. Ungaretti & Harris Ltd.*, 2019 IL App (1st) 181698, ¶ 44 ("We may affirm the dismissal of a complaint on any basis supported by the record, regardless of whether it was the basis for the trial court's dismissal."); *933 Van Buren Condominium Ass'n v. West Van Buren, LLC*, 2016 IL App (1st) 143490, ¶ 26 ("We may affirm a trial court's grant of summary judgment on any basis apparent in the record, regardless of whether the trial court relied on that basis or whether the court's reasoning was correct.").

¶ 29 Section 11 of FOIA provides: "In any action considered by the court, the court shall consider the matter *de novo*, and shall conduct such *in camera* examination of the requested records as it finds appropriate to determine if such records or any part thereof may be withheld under any provision of this Act." 5 ILCS 140/11 (West 2020). The trial court's order contemplated exactly that *in camera* examination. Furthermore, although not necessary to our disposition, we note that, despite the trial court's specific reliance on section 7(1)(a) to find that the subpoenas are not categorically exempt from disclosure, the trial court's written judgment is

broad enough to embrace other exemptions. The trial court ordered defendant to produce the subpoenas "with any necessary redactions allowed by law."

¶ 30    Except under limited circumstances not present here, this court requires an *in camera* examination pursuant to section 11 when a public body seeks to exempt information from disclosure under FOIA. See *Fisher v. Office of Illinois Attorney General by Raoul*, 2021 IL App (1st) 200225, ¶ 23 ("Pursuant to section 11(f) of the Act, the circuit court '*shall* conduct such *in camera* examination of the requested records as it finds appropriate to determine if such records or any part thereof may be withheld under any provision of this Act.' [Citations.]" (Emphasis added.)). We note, without expressing any judgment on their applicability, that section 7(1)(b) of FOIA exempts "Private information, unless disclosure is required by another provision of this Act, a State or federal law, or a court order;" and section 7(1)(c) exempts "Personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information;" either of which may be found in a grand jury subpoena. See 5 ILCS 140/7(1)(b), 7(1)(c) (West 2020).

¶ 31    No *in camera* inspection has occurred and as a result defendant has not been given an opportunity to satisfy its burden to demonstrate that the redacted portions of the records requested fall within an exemption as contemplated by section 11 and the trial court's order. The trial court and defendant believed information in the subpoenas may be exempt from disclosure. In the interest of justice to all involved, we must afford defendant the opportunity to make that showing. Accordingly, the trial court's judgment is affirmed; the case is remanded for further proceedings: an *in camera* inspection of the documents for the trial court to determine whether any exemption under FOIA applies to the redacted information.

¶ 32                                        CONCLUSION

¶ 33    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed and the cause is remanded to the trial court for further proceedings not inconsistent with this order.

¶ 34    Affirmed and remanded, with instructions.