NOTICE
Decision filed 12/19/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240811-U

NO. 5-24-0811

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| EDGAR COUNTY WATCHDOGS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Edgar County. |
| | ) | |
| v. | ) | No. 23-MR-18 |
| | ) | |
| PARIS UNION SCHOOL DISTRICT NO. 95, | ) | Honorable |
| | ) | Matthew L Sullivan, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE CATES delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court erred when it held that the defendant could redact the names of persons identified in the federal grand jury subpoena along with other information. The judgment granting defendant's motion to dismiss and denying plaintiff's partial motion for summary judgment is reversed and the cause is remanded with directions to perform an additional *in camera* review. Further, the circuit court erred when it found the defendant was the prevailing party and upon remand, the plaintiff shall be allowed to submit a petition for attorney fees and costs.

¶ 2   The plaintiff, Edgar County Watchdogs, brought this action against the defendant, Paris Union School District No. 95, alleging that the defendant violated the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2022)) by producing a federal grand jury subpoena with extensive redactions in response to plaintiff's FOIA request. The defendant moved to dismiss the complaint with prejudice asserting that the redactions were justified under recognized state and federal FOIA exemptions. The plaintiff opposed the motion to dismiss and filed a cross-motion

1

for partial summary judgment. After conducting an *in camera* inspection of the subpoena, the circuit court found that the defendant did not violate the FOIA at the time it responded to the plaintiff's FOIA request, but further found that at this point, the defendant should provide the plaintiff with a copy of the subpoena with limited redactions. The court granted the defendant's motion to dismiss with prejudice, denied the plaintiff's summary judgment motion, and determined that the defendant was the prevailing party. The plaintiff appealed. For the following reasons, we reverse and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4     On June 12, 2023, the United States Department of Justice served the defendant with a grand jury subpoena commanding it to turn over records and other materials to a federal grand jury. That same month, the Illinois State Board of Education completed an audit of the defendant's records related to certain grant programs which revealed a substantial number of questionable costs and expenditures made in 2021 and 2022, including expenditures of federal grant money.

¶ 5     On June 14, 2023, the plaintiff submitted a FOIA request to the defendant for copies of all subpoenas and search warrants that the defendant had received in the past 60 days. On June 22, 2023, the defendant sent plaintiff a response letter and a heavily redacted federal grand jury subpoena. In the response letter, the defendant stated that it redacted information in the subpoena that was exempt from disclosure under section 7(1)(a) and section 7(1)(c) of FOIA (5 ILCS 140/7(1)(a), (c) (West 2022)). These provisions permitted a public body to redact (a) information specifically prohibited from disclosure by federal or state law and (c) personal information that would constitute a "clearly unwarranted invasion of personal privacy." 5 ILCS 140/7(1)(a), (c) (West 2022). The defendant also stated that the redacted information involved matters occurring before a federal grand jury and was exempt from disclosure under article 112 of the Code of

Criminal Procedure of 1963 (725 ILCS 5/112-1 *et seq.* (West 2022)). That same day, the plaintiff asked the defendant to reconsider its decision, asserting that a federal grand jury subpoena was subject to release under *Better Government Ass'n v. Blagojevich*, 386 Ill. App. 3d 808 (2008). On June 23, 2024, the defendant responded, stating it would maintain its position that the redacted information was exempt from disclosure under FOIA.

¶ 6    On July 14, 2023, the plaintiff filed this action against the defendant. The plaintiff alleged that the defendant willfully and intentionally failed to comply with the plaintiff's request for all non-exempt information in the requested public records in violation of FOIA. In the complaint, the plaintiff identified itself as a non-profit organization comprised of investigative reporters whose purpose is "to foster accountability, truth and transparency in our local governing bodies" and the defendant was a "public body" located in Edgar County, Illinois. The plaintiff sought declaratory and injunctive relief. The plaintiff asked the court to declare that the defendant violated the FOIA, to order the defendant to produce all non-exempt portions of the requested records, to impose civil penalties, and to award attorney fees and costs.

¶ 7    On February 5, 2024, the defendant filed a motion to dismiss the plaintiff's complaint with prejudice pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2022)), along with a supporting memorandum. The defendant argued that the information redacted from the grand jury subpoena was exempt from disclosure under sections 7(1)(a) and 7(1)(c) of the FOIA and under federal law. The defendant attached a supporting affidavit from Kevin Knoepfel, the Board President of Paris Union School District #95. In the affidavit, Knoepfel stated that after receiving the plaintiff's request to reconsider its position regarding the redacted subpoena, the defendant consulted with the office of U.S Attorney for the Central District of Illinois. An Assistant U.S. Attorney sent a letter, dated June 29, 2023, stating that the federal grand

3

jury subpoena was exempt from public disclosure. Knoepfel asserted that the defendant relied on this letter and did not disclose the unredacted subpoena. Knoepfel further asserted that after the lawsuit was filed, the defendant again contacted the Assistant U.S. Attorney and received "another detailed letter reiterating the position of her office that disclosing the subpoena would violate federal law and interfere with the criminal investigation." Copies of the letters from the Assistant U.S. Attorney were appended to the Knoepfel affidavit. In the letters, the Assistant U.S. Attorney advised that the federal grand jury subpoena was exempt from disclosure under section 552(b)(7) of the federal FOIA (5 U.S.C. § 552(b)(7) (2018)) because the disclosure would potentially interfere with federal enforcement proceedings. The Assistant U.S. Attorney further advised that because the subpoena was a grand jury record, it was exempt from disclosure under Rule 6(e) of the Federal Rules of Criminal Procedure (Fed. R. Crim. P. 6(e)) and section 552(b)(3)(A)(i) of the federal FOIA (5 U.S.C. § 552(b)(3)(A)(i) (2018)). The Assistant U.S. Attorney also stated that the subpoena was exempt from disclosure under section 7(1)(a) of the Illinois FOIA because the subpoena contained information prohibited from disclosure by federal or state laws.

¶ 8    In the supporting memorandum, the defendant addressed the *Blagojevich* case that the plaintiff had relied upon in support of its FOIA request. The defendant claimed that the *Blagojevich* case was factually distinguishable from the case at bar. The defendant argued that in the present case, unlike *Blagojevich*, the trial court had the benefit of the two letters from the Assistant U.S. Attorney directing the defendant not to disclose the subpoena. The defendant also claimed that the *Blagojevich* court issued its decision without the benefit of a recent case, *Walton v. Roosevelt University*, 2023 IL 128338, in which the Illinois Supreme Court set forth the appropriate considerations for state courts to use when ruling on an issue governed by federal law. The defendant argued that if the *Blagojevich* court had employed the standard articulated in *Walton*,

4

the court likely would have found that Federal Rule of Criminal Procedure 6(e) prohibited recipients of grand jury subpoena proceedings from disclosing them.

¶ 9    The plaintiff filed a combined response in opposition to the defendant's motion to dismiss and in support of plaintiff's cross-motion for partial summary judgment. Initially, the plaintiff addressed the motion to dismiss. First, the plaintiff noted that section 7(1)(a) of the FOIA exempted information specifically prohibited from disclosure by federal or state law. The plaintiff reasoned that because Rule 6(e) of the Federal Rules of Criminal Procedure did not prohibit the recipient of a federal grand jury subpoena from releasing an unredacted copy of the subpoena, the exemption in section 7(1)(a) was not applicable in this case. Second, the plaintiff argued that the *Blagojevich* case held that Federal Rule of Criminal Procedure 6(e) did not prohibit the release of a federal subpoena served on a public body in response to a FOIA request and that the decision in *Blagojevich* was controlling. Third, the plaintiff argued that the defendant's attempt to distinguish *Blagojevich* based upon the submission of two letters from the Assistant U.S. Attorney directing the defendant not to disclose the subpoena lacked merit because the *Blagojevich* court considered and rejected that same argument. The plaintiff further claimed that the federal FOIA exemptions identified by Assistant U.S. Attorney do not apply to a request under the Illinois FOIA. Fourth, the plaintiff argued that the defendant did not prove by clear and convincing evidence that the exemption in section 7(1)(c) of FOIA applied to the redacted information. The plaintiff noted that the defendant did not establish that the disclosure of the redacted material "would constitute a clearly unwarranted invasion of privacy" under section 7(1)(c), and that it did not file an affidavit in support of a section 7(1)(c) exemption. The plaintiff further noted that section 7(1)(c) provides that the disclosure of information bearing on the public duties of public employees and officials should not be considered an invasion of personal privacy. Finally, the plaintiff argued that the

5

public interest in the alleged unlawful use of public funds outweighed the privacy claims raised by the defendant. The plaintiff relied upon those same points in support of its cross-motion for partial summary judgment. The plaintiff asked the circuit court to deny the defendant's motion to dismiss, to grant partial summary judgment for the plaintiff, and to order the defendant to release the redacted information.

¶ 10 The defendant filed a combined reply in support of its motion to dismiss and in response to the plaintiff's motion for partial summary judgment. The defendant raised a new argument and claimed that the subpoena was exempt from disclosure under section 7(1)(d)(i) and section 7(1)(d)(vii) of the FOIA (5 ILCS 140/7(1)(d)(i), (vii) (West 2022)) because the release of the redacted information would interfere with law enforcement proceedings. Citing *Kelly v. Village of Kenilworth*, 2019 IL App (1st) 170780, the defendant argued that a law enforcement agency who is co-investigating with another law enforcement agency may use section 7(1)(d) to prevent disclosure of the coordinating public body's records. The defendant argued that it should not be precluded from asserting this exemption simply because the investigation was being conducted by the U.S. Attorney's Office. The defendant further argued that if the circuit court determined that section 7(1)(d) did not apply, it should find that the subpoena was exempt under federal FOIA exemption 7 (5 U.S.C. § 552(b)(7) (2018)), pursuant to the supremacy clause in the United States Constitution (U.S. Const., art. VI, cl. 2). The defendant acknowledged that though it did not cite these exemptions in its response letter and in its motion to dismiss, the exemptions were discussed in the letters from the Assistant U.S. Attorney that were attached to the motion to dismiss. The defendant also argued that it was permissible to raise additional exemptions in response to the arguments made in the plaintiff's motion for summary judgment. As to the section 7(1)(c) exemption previously cited, the defendant argued that the disclosure of the information revealing

6

the identity of any person who was named in the subpoena would constitute an unwarranted invasion of their personal privacy. The defendant asked the circuit court to conduct an *in camera* review of the subpoena before ruling.

¶ 11    In reply, the plaintiff reiterated the prior arguments made in opposition to the defendant's motion to dismiss and in support of its motion for summary judgment. In addition, the plaintiff argued that the exemption in section 7(1)(c) was inapplicable because the requested information involved the duties of public employees and officials and was not exempt from disclosure. Addressing the newly cited exemptions under section 7(1)(d), the plaintiff claimed the defendant had waived its right to rely on them. The plaintiff argued, in the alternative, that the law enforcement exemptions under section 7(1)(d) were inapplicable, noting the plain language in that section exempted disclosure of law enforcement records that would either interfere with a law enforcement proceeding or obstruct an ongoing investigation conducted by the recipient of the request. The plaintiff argued that the defendant, as recipient of the FOIA request, was not conducting the investigation but was instead a subject of the investigation. In addition, the plaintiff claimed that the federal FOIA statute applied only to federal agencies and that the plaintiff's request was made pursuant to the Illinois FOIA and directed at an Illinois public school district. The plaintiff indicated that it had no objection to the defendant's request for an *in camera* review of the subpoena.

¶ 12    On May 17, 2024, all pending motions were called for hearing. After conducting an *in camera* review of the subpoena and considering the arguments of counsel, the circuit court found that the defendant's initial withholding of information was "well-founded," but that, "at this point it time, [the subpoena] can be released to them, redacting each name and blocking Columns 3 and 5 in Paragraph 19." The court denied the plaintiff's motion for partial summary judgment, granted

7

the defendant's motion to dismiss with prejudice, and found that the defendant was the prevailing party in the matter. On May 24, 2024, the defendant released to the plaintiff a copy of the grand jury subpoena with the limited redactions ordered by the circuit court. However, that document is not in the record before us. On June 7, 2024, the circuit court entered a written order reflecting the oral rulings made at the hearing on May 17, 2024. In the written order, the court found the defendant did not violate FOIA when it responded to the plaintiff's FOIA request. The court further found that "at this point in time," the defendant should produce a copy of the grand jury subpoena, "redacting only the names of the identified individuals as well as the information contained in the third and fifth columns of paragraph 19 of the subpoena."[1] This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14    The plaintiff raises three main issues on appeal. The plaintiff claims that the circuit court erred when it determined that the defendant could redact all of the names where they appeared in the federal grand jury subpoena, regardless of whether the named individuals were public employees or officials and regardless of whether the information sought by the subpoena related to their public duties. The plaintiff also claims that the circuit court erred in finding that the plaintiff was not a prevailing party and was not eligible for attorney fees and costs where the court ordered the defendant to provide a revised, mostly unredacted copy of the subpoena, and thereby granted the relief requested by the plaintiff. Finally, the plaintiff claims that because the defendant produced the grand jury subpoena with limited redactions in compliance with the circuit court's order, the defendant's exemption arguments regarding the information that has been released are moot. The plaintiffs argues that if this court elects to address the FOIA exemptions as they relate

_____

[1]The circuit court did not identify or describe the information contained in the third and fifth columns of paragraph 19, although there are some individual names referenced as being contained in those columns.

8

to the entirety of the subpoena, then the court should find that the defendant's exemption claims are unfounded and unsupported by the clear and convincing evidence as required by FOIA.

¶ 15    In response, the defendant claims that the judgment of the circuit court should be affirmed. The defendant argues that the grand jury subpoena was exempt from disclosure under exemptions 7(1)(d)(i) and 7(1)(d)(vii) of the FOIA (5 ILCS 140/7(1)(d)(i), (vii) (West 2022)), because disclosure would have interfered with the grand jury's pending investigation. The defendant contends that it could properly assert these exemptions even though the investigation was being conducted by a federal grand jury. In addition, the defendant argues that the redacted information was exempt under section 7(1)(a) of the FOIA (5 ILCS 140/7(1)(a) (West 2022)) because a grand jury witness cannot be compelled to reveal matters occurring before a grand jury without a particular need for the disclosure, and that the exemption under section 7(1)(c) of the FOIA (5 ILCS 140/7(1)(c) (West 2022)) was applicable to protect the identity of any persons named in the subpoena. Finally, the defendant claims that the circuit court correctly found that it was the prevailing party.

¶ 16    We begin our analysis with a consideration of the public policy behind the FOIA and the burden of proof for disclosure of public documents. Under the FOIA, there is a presumption that "[a]ll records in the custody or possession of a public body are *** open to inspection or copying." 5 ILCS 140/1.2 (West 2022). If a public body asserts an exemption to the disclosure of information, the burden is on the public body to show by "clear and convincing evidence" that the requested information is exempt. 5 ILCS 140/1.2 (West 2022). When a public body fails to produce information the requesting party deems otherwise subject to disclosure, the requesting party may file a cause of action for injunctive or declaratory relief against the public body that has denied the request. 5 ILCS 140/11(a) (West 2022). Again, the burden is on the public body to show, by clear

9

and convincing evidence, that the information requested is exempt from disclosure. 5 ILCS 140/11(f) (West 2022). Section 11(f) provides that the circuit court shall consider the decision of the public body *de novo.* 5 ILCS 140/11(f) (West 2022). Section 11(f) also allows the circuit court to conduct an *in camera* review of the requested record to determine whether the record or any part thereof may be withheld under any of the FOIA exemption. 5 ILCS 140/11(f) (West 2022). Our supreme court has found that *in camera* review is the "most effective way for a public body to objectively show that the claimed exemption applies." *Kelly v. Village of Kenilworth*, 2019 IL App (1st) 170780, ¶ 23 (citing *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 471 (2003)).

¶ 17     On appeal, matters of statutory interpretation and rulings on summary judgment motions are reviewed *de novo. Reppert v. Southern Illinois University*, 375 Ill. App. 3d 502, 504 (2007). Whether an exemption applies under FOIA is a matter of statutory interpretation that is reviewed *de novo. Garlick v. Naperville Township*, 2017 IL App (2d) 170025, ¶ 44.

¶ 18     Next, we consider the plaintiff's claim that the circuit court erred when it determined that the defendant could redact all of the names where they appeared in the federal grand jury subpoena, regardless of whether the named individuals were public employees or officials and regardless of whether the information sought by the subpoena related to their public duties. The plaintiff contends that these names do not fall under any exemption raised by the defendant. We note that on May 24, 2024, the defendant produced a copy of the subpoena with limited redactions in compliance with the circuit court's order. Therefore, the defendant's arguments regarding the exemptions as applied to the totality of the subpoena do not require further consideration. *Martinez v. City of Springfield*, 2022 IL App (4th) 210290, ¶ 19. Accordingly, and in light of the plaintiff's specific claims for the release of the names and information contained in the third and fifth columns

of paragraph 19 in the subpoena, we need only address whether the defendant's reliance on any of the exemptions raised correctly prevents disclosure of this information.

¶ 19        A. Exemptions Under Federal FOIA, Section 7(1)(a), and 7(1)(c)

¶ 20    On appeal, the plaintiff argues that no exemptions prevent the disclosure of the currently redacted information. The defendant relies on the exemptions cited in the two letters written by the Assistant U.S. Attorney in support of its argument that the federal FOIA exemptions apply. In those letters, the Assistant U.S. Attorney cited to the exemptions set forth in section 552(b)(3) and section 552(b)(7) of the federal FOIA (5 U.S.C. § 552(b)(3), (7) (2018)) to withhold disclosure of the subpoena. We find that the defendant's reliance on the referenced exemptions is misplaced. Section 552(b)(3) provides that the requirement of agencies to make information available does not apply to matters that are "specifically exempted from disclosure by statute (other than section 552b of this title)." 5 U.S.C. § 552(b)(3) (2018). In this case, the defendant has not identified such a statute that exempts the subpoena from disclosure. Section 552(b)(7) provides that disclosure does not apply to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A) (2018). Here, the defendant is not a law enforcement agency and has not claimed that the information was collected for law enforcement purposes or that disclosure of the information could reasonably be expected to interfere with law enforcement proceedings. The defendant, nevertheless, relies on *In re Appointment of Special Prosecutor*, 2019 IL 122949, for its assertion that Illinois courts may look to the federal case law in certain FOIA-related cases. In this case, we need not look to federal case law for guidance as the federal FOIA exemptions do not apply where the plaintiff made its request pursuant to Illinois law and where the defendant is not a federal agency, but an Illinois public body.

¶ 21    The defendant also claimed that the redacted information was exempt from disclosure under sections 7(1)(a) and 7(1)(c) of FOIA. Section 7(1)(a) permits a public body to redact and exempt the following: "Information specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law." 5 ILCS 140/7(1)(a) (West 2022). One such federal rule is Federal Rule of Criminal Procedure 6(e) which prohibits the disclosure of material that reveals secret aspects of grand jury investigations and proceedings. Fed. R. Crim. P. 6(e). Another potential exemption is the privacy exemption in Illinois's FOIA which protects "[p]ersonal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, ***." 5 ILCS 140/7(1)(c) (West 2022). "Unwarranted invasion of personal privacy" is defined in this section as "the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information." 5 ILCS 140/7(1)(c) (West 2022). Notably the provisions in section 7(1)(c) make clear that "disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy." 5 ILCS 140/7(1)(c) (West 2022).

¶ 22    The defendant claims that sections 7(1)(a) and 7(1)(c) of FOIA, and Federal Rule of Criminal Procedure 6(e) prohibit disclosure of the names in the subpoena and the information found in paragraph 19. A similar claim was addressed in the *Blagojevich* case. *Blagojevich*, 386 Ill. App. 3d at 817. There, the court considered Federal Rule of Civil Procedure 6(e) in relation to our FOIA and determined that the federal rule gives a private citizen discretion "to disclose or not disclose the receipt of a federal grand jury subpoena without running afoul of the rule or federal law." *Blagojevich*, 386 Ill. App. 3d at 817. The court further determined that Illinois's FOIA "eliminates such discretion from the recipient of a federal grand jury subpoena if that recipient is

12

a public official subject to the FOIA's requirements." *Blagojevich*, 386 Ill. App. 3d at 817. In this case, as in *Blagojevich*, the defendant is a public body served in its official capacity. FOIA then requires "full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials." 5 ILCS 140/1 (West 2022). Accordingly, if the disclosure of information within the subpoena bears on the public duties of public officials, it is not exempt under the invasion of personal privacy exemption. 5 ILCS 140/7(1)(c) (West 2022); *Blagojevich*, 386 Ill. App. 3d at 818.

¶ 23    In the case at bar, the plaintiff correctly notes that the defendant school district is a public entity comprised of public officials and employees. Section 7(1)(c) would not exempt from disclosure information in the subpoena that bears upon these public officials and employees and their public duties. Following the *in camera* review of the subpoena, the circuit court ordered the release of some information that the defendant had initially redacted. But the circuit court permitted the defendant to continue to redact the names of "the identified individuals" and the information found in columns three and five of paragraph 19, without providing its findings or reasoning for permitting the redactions under section 7(1)(c). Accordingly, we reverse the circuit court's order regarding the continued redaction of the names of any public employees or officials, and information found in columns three and five of paragraph 19 in so far as it relates to public employees, officials, and their duties. On remand, the circuit court shall conduct an additional *in camera* review of the subpoena to determine whether the individuals identified therein are public employees, or public officials, and the nature and extent of their duties. If the circuit court finds that the individuals named are in fact public employees, or public officials, and that the information in the subpoena relates to their duties, the circuit court shall order the release of this information to the plaintiff.

13

¶ 24                    B. Exemptions Under 7(1)(d)(i) and 7(1)(d)(vii)

¶ 25    The FOIA exemptions raised by the defendant under section 7(1)(d) state that the disclosure of records may be withheld if release would "(i) interfere with pending or actually and reasonably contemplated law enforcement proceedings conducted by any law enforcement or correctional agency that is the recipient of the request," or "(vii) obstruct an ongoing criminal investigation by the agency that is the recipient of the request." 5 ILCS 140/7(1)(d)(i), (vii) (West 2022). Simply stated, the Illinois FOIA statute provides an exemption when the disclosure "would" interfere with enforcement proceedings or obstruct an ongoing investigation. See 5 ILCS 140/7(1)(d)(i), (vii) (West 2022); *Kelly*, 2019 IL App (1st) 170780, ¶ 44.

¶ 26    Here, the defendant claims that releasing the redacted information would interfere in an investigation being conducted by a federal grand jury. However, section 7(1)(d)(i) unambiguously states that the exemption applies to a law enforcement or correctional agency that is conducting an investigation and is the subject of the FOIA request. 5 ILCS 140/7(1)(d)(i) (West 2022). The subject of the request herein was the defendant, who was neither a law enforcement or correctional agency nor the investigating body. Therefore, this exemption does not apply. Nevertheless, the defendant argues that *Kelly*, 2019 IL App (1st) 170780, encourages cooperation between agencies and if a governmental agency has a "substantial interest in asserting an exemption" the subject of a request may be allowed to refuse disclosure. However, *Kelly* is distinguishable because the agencies involved were working in tandem and participating in the investigation. *Kelly*, 2019 IL App (1st) 170780, ¶ 33. There is no indication from the record that the defendant had any investigative role in the federal grand jury proceedings. In addition, the defendant did not demonstrate that the U.S. Attorney's Office showed any substantial interest in protecting the names in the subpoena that remained redacted after the circuit court ordered the release of the previously

14

redacted information. Therefore, these exemptions do not apply to the defendant school district as it is not a law enforcement or correctional agency, and it was not conducting the investigation in cooperation with such an agency.

¶ 27　The defendant also claims that the disclosure of the redacted information in the subpoena would obstruct a current ongoing criminal investigation and therefore was exempt under section 7(1)(d)(vii) (5 ILCS 140/7(1)(d)(vii) (West 2022)). However, as previously noted, the defendant was not the agency that was conducting the criminal investigation and therefore was not within the scope of the exemption. The record indicates that the U.S. Attorney's Office was aware of the plaintiff's FOIA request. Two letters claiming that certain information was exempt were provided to the defendant, yet neither the U.S. Attorney nor the Attorney General sought to intervene to protect the information from disclosure. After an *in camera* review of the subpoena, the circuit court ordered the defendant to release additional information in the subpoena that had been previously redacted. In light of the foregoing, we find that the defendant failed to establish that the redactions in the federal grand jury subpoena were exempt from disclosure under section 7(1)(d)(i) or section 7(1)(d)(vii). Therefore, the circuit court's order finding that these exemptions applied is reversed. To the extent the defendant has continued to rely on these exemptions to redact the names of public employees or officials, or other information contained in the third and fifth columns in paragraph 19 of the subpoena, that is subject to disclosure under the FOIA, this information shall be produced upon the *in camera* review by the circuit court.

¶ 28　　　　　　　　　　　　C. Prevailing Party

¶ 29　Having determined that the defendant's claimed exemptions were without merit, we turn to the issue of who should be deemed the prevailing party under FOIA. Section 11(i) provides: "If a person seeking the right to inspect or receive a copy of a public record prevails in a proceeding

15

under this Section, the court shall award such person reasonable attorney's fees and costs." 5 ILCS 140/11(i) (West 2022). In *Uptown People's Law Center v. Department of Corrections*, 2014 IL App (1st) 130161, ¶ 20, the court found that the use of the terms "prevails" under the statute meant that "successful plaintiffs could obtain attorney fees regardless of the extent to which they had prevailed, no matter how slight." Here, the circuit court granted the defendant's motion to dismiss, with prejudice, denied the plaintiff's motion for partial summary judgment, but ordered the defendant to release information that had originally been redacted, thereby granting the majority of the relief sought in plaintiff's complaint. Thus, it was through a court order that the plaintiff preliminarily achieved its aim of having information in the grand jury subpoena released, just not in its entirety. The court order required the defendant to alter its position regarding the redactions, as the defendant had refused to do so when requested by the plaintiff prior to filing suit. As a result, we find the plaintiff was the prevailing party in the cause of action.

¶ 30    Accordingly, we reverse the circuit court's order finding that the defendant was the prevailing party and remand with directions to allow the plaintiff to file a petition requesting attorney fees and costs as the prevailing party. The circuit court shall thereafter conduct a hearing on the plaintiff's petition to determine the reasonable amount of attorney fees and costs to be awarded.

¶ 31                                    III. CONCLUSION

¶ 32    In conclusion, we find the circuit court erred when it held that the defendant could redact the names of persons identified in the federal grand jury subpoena and the information in paragraph 19 of the subpoena to the extent that the redacted information contained the names of public officials and employees and public information relevant to the actions of these public officials or employees. The circuit court further erred when it found that the defendant was the prevailing

16

party. We find that the plaintiff is the prevailing party and therefore is entitled to reasonable attorney fees and costs. We have also determined that the circuit court ordered information previously redacted in the grand jury subpoena to be publicly released, except for the names of certain individuals and other information found in paragraph 19. Therefore, to the extent the defendant claimed exemptions related to the information that has now been released, those issues are moot. The judgment granting the defendant's motion to dismiss and denying the plaintiff's partial motion for partial summary judgment is reversed. This cause is remanded to the circuit court with directions to enter partial summary judgment for the plaintiff, and to conduct an appropriate *in camera* examination of the grand jury subpoena and to order the release of the names of any public officials or employees and other public information from the subpoena consistent with this disposition. Additionally, upon remand, the plaintiff should be granted leave to submit a petition for attorney fees and costs as the prevailing party. The circuit court shall hold a hearing on the plaintiff's petition and award the reasonable attorney fees and costs.

¶ 33    Reversed and remanded with directions.